168 So.2d 564 (1964)
Essie G. KURZ, Appellant,
v.
NEW YORK LIFE INSURANCE COMPANY, a corporation, and Carlie C. Kurz, Appellees.
No. F-290.
District Court of Appeal of Florida. First District.
October 29, 1964.
Rehearing Denied November 24, 1964.
*565 Ray L. Wilson, Jacksonville, for appellant.
Howell & Houser and Gerald Bard Tjoflat, of Mahoney, Hadlow, Chambers & Adams, Jacksonville, for appellees.
STURGIS, Chief Judge.
The American Bar Association Endowment secured a group life insurance policy from appellee New York Life Insurance Company, who thereunder insured the life of Louis F. Kurz, Jr., a Jacksonville attorney, for the amount of $13,900.00. He died on February 11, 1963. The original designated beneficiary was Louis Kurz, Sr., as trustee for the insured's children, Melissa Ann Kurz and Louis Kurz IV, born as issue of his marriage to appellant Essie G. Kurz, from whom he was divorced on February 21, 1961. On March 10, 1961, at insured's request the beneficiary was changed to said appellant, Essie G. Kurz, as primary beneficiary, and to his said children as secondary beneficiaries.
On July 14, 1961, the insured married appellee Carlie C. Kurz. On February 6, 1963, he signed a notice of change of beneficiary requesting that the beneficiary be changed from appellant Essie G. Kurz to appellee Carlie C. Kurz, and on February 7, 1963, mailed same to the American Bar Association Endowment headquarters in Chicago where it was received on February 8, 1963.
On February 11, 1963, the insured met accidental death. On February 13, 1963, the American Bar Association Endowment filled in and dated a rider to said group insurance certificate noting such change of beneficiary and on February 22, 1963, forwarded the notice of change of beneficiary to the Chicago group claims office of the insurer. The principal office of the insurer is in New York City.
The policy provision for change of beneficiary is as follows:
"* * * The member may change a beneficiary by filing written notice with New York Life but such change shall not be operative until recorded by New York Life. Once the change has been recorded it will relate back to and take effect as of the day the notice was signed, but without prejudice to New York Life on account of any payment made before receipt of such notice."
The former wife and the second wife of the insured both notified the insurer that they individually claimed the proceeds of the policy (# G-2766-1). The insurer decided that the change of beneficiary was accomplished and so notified the divorced wife, but also advised her that until she relinquished her claim under the subject policy (# G-2766-1) it would withhold payment to her of the proceeds of a certain other policy of insurance issued by the insurer upon Kurz' life (# G-2766-0, not involved by this litigation) of which she, Essie G. Kurz, was the acknowledged beneficiary.
On October 21, 1963, Essie G. Kurz, the appellant, brought this suit against the insurer and Carlie C. Kurz for a decree declaring her to be the beneficiary of said insurance policy and seeking an order requiring the proceeds thereof, together with other sums properly payable thereunder, including a reasonable attorney's fee, to be paid to her by the defendant insurer. She alleged, inter alia, that the insurer requested her to execute a waiver and release of *566 her claim under the policy involved in this suit.
Defendant Carlie C. Kurz' answer to the complaint denied plaintiff's right to the proceeds of the subject policy and asserted she was entitled thereto. She counterclaimed for a decree declaring that she was so entitled and that plaintiff's claim thereto was null and void.
Defendant Carlie C. Kurz also cross-claimed against the insurer, alleging that more than six months prior to the commencement of this suit she furnished insurer with written proof of the death of the insured and that although due and payable, the insurer had failed and refused to pay the proceeds of said insurance to her; that she had employed counsel to represent her in this cause and obligated herself to pay them a reasonable fee for their services. She thereupon demanded judgment of the insurer for said proceeds, together with interest, costs, and a reasonable attorney's fee.
In answer to the complaint of Essie G. Kurz, the insurer admitted that it requested her to execute the mentioned waiver and release of her claim under the policy in suit and for justification alleged that the request was made because of the contending and conflicting claims of the plaintiff, Essie G. Kurz, and appellee Carlie C. Kurz to the insurance monies herein involved and in the hope that the insurer would be saved the embarrassment of conflicting claims and double vexation in respect thereto.
In answer to the cross-claim of its co-defendant, Carlie C. Kurz, the insurer admitted that on February 6, 1963, at the request of the insured it changed the beneficiary of the insurance in suit to read: "Primary: Carlie C. Kurz, wife Secondary: children born of the marriage of the insured and said wife." It also admitted the death of the insured and that it had been furnished with written proof thereof. It submitted that the question of whether defendant and cross-claimant Carlie C. Kurz was entitled to the insurance proceeds was a matter "properly to be settled between plaintiff Essie G. Kurz and the defendant Carlie C. Kurz * * * and not between either of them and the Company," which is clearly a conclusion of law.
The insurer also filed a pleading entitled "Counterclaim and Cross-claim for Interpleader and Declaratory Relief," alleging that by reason of the conflicting claims of the plaintiff and defendant Carlie C. Kurz it was in great doubt as to which of the claimants is entitled to be paid the monies due as the proceeds of the insurance. It simultaneously paid into the registry of the court the proceeds of said insurance, with interest thereon, in the sum of $14,594.58, and alleged that it had no interest therein. It prayed that the plaintiff and defendant Carlie C. Kurz be required to interplead and settle between themselves their rights to the money due under said insurance, that they be restrained from prosecuting any other action against the insurer for the recovery of any of the proceeds, and that the insurer be discharged from all liability and dismissed with its taxable costs and a reasonable fee for the services of its counsel in the premises.
In answer to the insurer's counterclaim and cross-claim, plaintiff Essie G. Kurz denied that the insurer entertained doubt as to which of the claimants was entitled to receive the proceeds, and asserted that the insurer had at all times steadfastly maintained that defendant Carlie C. Kurz was entitled thereto. We pause here to note that this allegation of fact is unequivocally supported by the record.
Defendant Carlie C. Kurz' answer to the insurer's pleadings presented no new matter and operated only to join issue on the prior pleadings.
Based on the pleadings and the answer of the insurer to interrogatories and request for admissions, the plaintiff (appellant) moved for summary final decree, the defendant-appellee Carlie C. Kurz moved alternately for decree on the pleadings or summary decree, and the defendant insurer *567 moved for a decree on the pleadings. On final hearing the trial court found there was no genuine issue as to any material fact, and that defendant Carlie C. Kurz was entitled to the relief sought by her counterclaim against the plaintiff and cross-claim against the insurer, except as to her claim for attorney's fees. Accordingly, it was decreed: (1) that plaintiff Essie G. Kurz' motion for summary decree be denied and her complaint was dismissed, with prejudice; (2) except as to her claim against the insurer for attorney's fees, the motion of defendant Carlie C. Kurz for summary decree was granted in all respects against the plaintiff and against the insurer; (3) the insurer's motion for judgment was denied, except as to the issue of the award of attorney's fees to defendant Carlie C. Kurz, as to which it was granted; and (4) defendant Carlie C. Kurz was awarded judgment upon her cross-claim against the insurer in the amount of $14,594.58 and the same ordered to be paid by the clerk out of the fund deposited by the insurer in the registry of the court. By amendment to the decree, the defendant insurer was discharged of all liability under said policy of insurance and permitted to go hence without day.
Appellant's assignments of error seek reversal of said decree on the grounds: (1) that it was error to enter summary decree adverse to her claim, and with prejudice, because there existed genuine issues of material fact; (2) that it was error to find and hold that appellee Carlie C. Kurz was entitled to the proceeds of the subject insurance policy; and (3) that it was error to discharge the insurer of all liability or obligation under or in respect of the policy.
Appellee Carlie C. Kurz cross-assigned error against the appellee insurer on the ground that the court erred in denying her claim against the insurer for attorney's fees.
The insurer in turn has cross-assigned error on the ground that the court erred in failing to award a reasonable attorney's fee to be paid out of the policy proceeds for the services of its attorney in and about the pleading in the nature of interpleader filed by it in said cause.
The primary issue on this appeal is reducible to the simple question of whether the notice of change of beneficiary signed and mailed by the insured to the American Bar Association Endowment several days prior to his death was competent to effect that result under the terms of the policy and the admitted facts. That question is answered in the affirmative. Although the insurer did not receive the notice of change of beneficiary in its home office in New York City until after the death of the insured, it is uncontroverted that the American Bar Association Endowment, to whom the notice was mailed, was the agent for the insurer and as such was authorized to receive said notice and by a rider to the group insurance policy note thereon the change of beneficiary, which it did. Under the clear terms of the policy the change of beneficiary to Mrs. Carlie C. Kurz related back to the date the notice was signed. The trial court's holding that the change of beneficiary was consummated as of February 6, 1963, accords with the contention of the insurer which has steadfastly maintained that appellee Carlie C. Kurz is exclusively entitled to the proceeds.
We now consider the assignments of error relating (a) to the denial of an attorney's fee to be paid by the insurer to the appellant, (b) the denial thereof to appellee Carlie C. Kurz, and (c) the denial of an attorney's fee to be paid to the insurer out of the insurance proceeds paid into the registry of the court. Having held that appellant's complaint was properly dismissed, with prejudice, it follows that the trial court did not err in denying her claim to an attorney's fee to be paid by the insurer for the services of her attorneys in this proceeding. A different situation exists, however, with respect to the cross-claim of Carlie C. Kurz against the insurer for such fees.
*568 Except for an allegation of the insurer in its responsive pleadings to the effect that it withheld the insurance proceeds because of the conflicting claims of the plaintiff and defendant Carlie C. Kurz and because it desired to avoid vexatious suits, it clearly appears that the defendant insurer has at all times steadfastly maintained that under the admitted facts and clear provisions of the insurance policy appellee Carlie C. Kurz was exclusively entitled to the proceeds thereof; and we have so held. A careful examination of the record herein reveals no lawful basis for the failure of the insurer to promptly pay the proceeds of said policy to the said party it recognized as being entitled thereto. It chose instead to withhold the same for a period of approximately six months after proof of death had been received and all things done by Carlie C. Kurz to entitle her to payment. It clearly appears that it withheld payment to Carlie C. Kurz because of its insistence that the spurious claimant, Essie G. Kurz, should first execute a waiver and release of any claim she might have to the proceeds. It is evident that this unwarranted requirement ultimately had some effect upon plaintiff Essie G. Kurz in bringing this suit, which subjected Carlie C. Kurz to litigation and the necessity to employ counsel in protection of her interest and for the purpose of asserting her claim against the insurer. Under these circumstances, there is no merit in its contention that it is entitled to an attorney's fee for the services of its attorneys herein on the theory that its participation in this litigation is strictly that of a stakeholder in interpleader, and the trial court did not err in denying its claim for such fee.
It was error, however, to deny appellee Carlie C. Kurz, on her cross-claim against the insurer, a judgment for the reasonable services of her attorney in and about these proceedings. While it appears that prior to commencement of suit there was considerable correspondence between the insurer and the contesting claimants, we find nothing therein to excuse the insurer from meeting its obligation to seasonably pay the insurance proceeds to the recognized beneficiary, and in the stated posture of this case, the insurer was not a mere stakeholder.
The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear, will not operate to relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful beneficiary, nor will it be permitted to relieve that obligation and be awarded a fee for the services of its attorney by resorting to interpleader on the theory that it may be put to vexatious suits by contesting claimants when, as in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking.
The dispute giving rise to this proceeding did not involve contested facts but rather an interpretation of the policy language drafted by the insurer, and is distinguishable on the facts from Equitable Life Assurance Society of United States v. Nichols, Fla. 1956, 84 So.2d 500, in that no blame can be placed on either claimant for the failure of the insurer to promptly pay the policy proceeds. It was the conduct of the insurer, either in its use of the contract language, in its unwillingness to bear the responsibility for interpreting that language, or in its delay in recording the change of beneficiary, that made Carlie C. Kurz' involvement in this litigation likely and which produced that result. Under such circumstances, the expense of collecting the policy proceeds should not be borne by the beneficiary who is entirely innocent of responsibility but by the party whose conduct, notwithstanding its good faith, brought about her involvement in the controversy. Comparing the accountability of the insurer herein to that of appellee Carlie C. Kurz, it is obvious that the former contributed *569 substantially to the existence of the problem resulting in litigation and that the latter was entirely free of blame. Section 627.0127, Florida Statutes, F.S.A., contemplates that under such circumstances the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the claim in the suit in which recovery is had against the insurer.
The facts are not in dispute. The only issues before the trial court on the several motions resulting in the decree appealed turn strictly upon questions of law involving (1) the legal effect of the contract provisions, and (2) the application of statutory law to the question of whether attorney's fees should be awarded as contended by the respective parties. Such issues are exclusively within the province of the trial court to determine and are, of course, subject to review upon an appeal. In this case the trial court impliedly applied an erroneous rule of law to the uncontroverted facts in denying the claim of Carlie C. Kurz against the insurer for attorney's fees to which she is entitled under the statute.
Accordingly, the decree appealed is affirmed in all particulars except with respect to the claim of appellee Carlie C. Kurz for an attorney's fee to be adjudged and decreed against the appellee insurer and in her favor as beneficiary of the insurance policy in suit as a fee or compensation for the services of her attorney of record herein in prosecuting her claim in the trial court.
Affirmed in part, reversed in part as herein indicated, and remanded for further proceedings and entry of an appropriate decree.
RAWLS, J., concurs.
WIGGINTON, J., concurs in part, dissents in part.
WIGGINTON, Judge (concurring in part and dissenting in part).
I concur in that part of the majority opinion which holds that a proper interpretation of the policy provision with respect to change of beneficiary compels the conclusion that the beneficiary of the life insurance policy involved in this case was effectually changed by the insured from appellant, Essie G. Kurz, to insured's wife, Carlie C. Kurz, during the insured's lifetime. Even though the insured died before the notice of change in beneficiary was received and recorded by the company, such reception and recordation was not a prerequisite to an effective change in beneficiary. The clear policy terms provide that the change in beneficiary becomes effective as of the date on which the notice of change is signed by the insured.
In deciding the question of attorney's fee claimed by the cross-appellant, Carlie C. Kurz, it must be noted that this case is one of first impression in the United States, as no other appellate court has by a reported decision placed a construction upon the change in beneficiary clause of the life insurance policy under consideration. The conclusion we reach is contrary to the rule of law heretofore pronounced by the Supreme Court of Florida in cases which appear to be, but which in truth are not, factually similar to the case sub judice.[1] It is only by careful study and analysis that the prior decisions rendered by the appellate courts of Florida dealing with the question of law involved herein can be distinguished on the facts from the case we now review. This situation, and the lack of controlling precedent, is the obvious reason why the insurer, New York Life Insurance Company, was unwilling to select between the two conflicting claimants the one to whom *570 the insurance proceeds could properly and safely be paid until a court of competent jurisdiction had judicially construed the change in beneficiary clause of the policy, and pronounced a definitive rule of law relative thereto.
I cannot agree with the majority opinion that the cross-claimant, Carlie C. Kurz, is entitled to be paid an attorney's fee for the services rendered by her attorney in this case. The motion for summary judgment filed by the insurer, New York Life, is supported by an affidavit to which is attached copies of the entire correspondence file reflecting written communications which were exchanged between the representative of New York Life and the attorneys representing the conflicting claimants, Essie G. Kurz and Carlie C. Kurz. This correspondence clearly reveals that New York Life was striving diligently and in good faith to bring about an agreement between the conflicting claimants whereby it could safely pay the insurance proceeds to one of them without becoming liable for payment of an equal amount to the other. The correspondence reflects complete good will and cooperation between New York Life and the attorney for Carlie C. Kurz throughout the entire period of their negotiation looking to a settlement of the controversy. Although New York Life's official construction of the beneficiary clause of its insurance policy lead it to the conclusion that Carlie C. Kurz was the rightful beneficiary entitled to the insurance proceeds, the company very prudently expressed its reluctance to pay out the proceeds to Carlie C. Kurz so long as Essie G. Kurz was strenuously contending that she was the rightful beneficiary under the policy, and was making insistent demands that the proceeds be paid to her. The necessity for Carlie C. Kurz to employ an attorney to represent her in this case was created not by any election on her part to institute suit against New York Life to recover the policy proceeds, but because of the necessity for her to defend the action against her brought by the conflicting claimant, Essie G. Kurz, and her desire to secure a favorable construction of the policy provisions adjudging her to be the rightful beneficiary.
This Court, as well as the other appellate courts of Florida, has consistently held that the beneficiary of an insurance policy is entitled to an award of attorney's fee against an insurance company only when the company has wrongfully refused to pay the beneficiary the amount due him under the policy.[2] I have no reservations in agreeing with the trial judge that the evidence in this case reasonably leads to the single conclusion that New York Life did not wrongfully withhold the insurance proceeds in this case from the cross-appellant, Carlie C. Kurz. I reach this conclusion on the evidence contained in this record, even though on the same evidence the majority of this Court finds the action of New York Life to constitute a wrongful withholding of the insurance proceeds. If it is considered that the evidence in this case, when properly viewed in a light most favorable to Carlie C. Kurz, establishes as a matter of law that New York Life did not wrongfully withhold from her the insurance proceeds payable under the life insurance policy involved in this case, then the summary judgment in favor of New York Life on the issue of attorney's fee claimed by Carlie C. Kurz is proper and should be affirmed. The fact that the writer of this opinion, as well as the trial judge, reaches such a conclusion on the evidence in this record, and on the same evidence the majority of this Court has reached a directly contrary conclusion, would seem to indicate that the evidence, and reasonable inferences which may be drawn therefrom, is in conflict on the issue of whether New York Life wrongfully withheld the insurance proceeds from Carlie C. Kurz. If such conflict does exist from an objective consideration of the evidence, and if the issue of wrongful withholding can only be resolved by the exercise of a judicial discretion in evaluating *571 the evidence and passing upon the credibility of the witnesses before the court at the hearing on motion for summary judgment, then the issue is one which should be resolved only after a trial on the merits, and not on a motion for summary judgment. For these reasons I am unable to agree with the majority opinion that on the record before us Carlie C. Kurz is entitled to an award of attorney's fee against New York Life. From that portion of the majority opinion I record my dissent.
NOTES
[1] Asphalt Paving, Inc. v. Ulery et al., (Fla. App. 1963) 149 So.2d 370; Warren v. Prudential Ins. Co. of America et al., 138 Fla. 443, 189 So. 412; Sheppard v. Crowley, 61 Fla. 735, 55 So. 841.
[2] Salter v. National Indemnity Co., (Fla.App. 1964) 160 So.2d 147.