ALLEN, Acting Chief Judge.
Plaintiff below, appellee here, instituted a ■suit against the defendant on an insurance policy. The defendant, Travelers Insurance •Company, was faced with an administration of the estate of the deceased in Ohio and also in Florida.
The insuror contends that it refused to pay the policy because there was some question as to whom it should be paid. An examination of the record in this case clearly shows, in the correspondence between the insuror and the two administrators, that the insuror’s withholding of the payment was in good faith and not wrongful.
After suit was filed, the claim was paid. This appeal concerns only the $200 attorney’s fee that was awarded to the plaintiff-appellee. Unfortunately, for the appellant, summary judgment, which was entered in this case, contained the following paragraph :
“The Parties hereto having orally stipluated and agreed before the Court that the. amount of attorney fees to be awarded to CARROL F. DILLON, Plaintiff’s attorney, be determined and fixed by the court, without the presentation of evidence thereon, the Court now finds that a reasonable attorney fee to be awarded to Plaintiff’s attorney for his services in representing the Plaintiff is in the sum of Two Hundred Dollars ($200.00).
“IT IS THEREFORE ORDERED AND ADJUDGED that CARROL F. DILLON, attorney for the Plaintiff, be awarded an attorney fee for his services in the representation of the Plaintiff in this action and that said attorney fees be and it is hereby fixed in the sum of Two Hundred Dollars ($200.00).
“IT IS FURTHER ORDERED AND ADJUDGED that the Defendant pay the costs of this action in the sum of Eighteen and 60/100 Dollars ($18.60).”
The appellee, in his brief, states:
“On the 29th day of May, 1963, the attorney for the Defendant contacted the attorney for the Plaintiff and offered to pay the proceeds due and payable to the Plaintiff, and on the 1st day of June, 1963, in response thereto, *22 Plaintiff’s attorney advised the Defendant that they were willing to accept the payment provided that it was agreed that the acceptance of the proceeds due under the policy and upon which this action was based was not construed as a waiver on the part of the Plaintiff of the costs and attorney fees which Plaintiff was entitled to; and it was agreed that acceptance of the benefits due would not prejudice Plaintiff’s rights for attorney fees and costs, as provided for by the statute, and that the action would proceed on this issue alone. On June 4, 1964, Defendant’s attorney forwarded the benefits due under the policy to Plaintiff, exclusive of the costs and attorney fees. (Record p. 11)
“Thereafter, on March 19, 1964, Defendant filed its Motion For Summary Judgment and thereafter on the 23rd day of March, 1964, Plaintiff filed his Motion for Summary Judgment. (Record p. 9)
“Thereafter, on the 6th day of April, 1964, a hearing was held on both Motions for Summary Judgment and Summary Judgment was entered in favor of the Plaintiff for attorney fees and costs. At said time, in open Court, Defendant’s attorney stated to the Court that he would like to avoid another trip to Sarasota and that it Was agreeable with him for the Court to fix the attorney fees without the presentation of evidence thereon, and, thereupon, Plaintiff’s attorney stipulated and agreed with Defendant’s attorney that the Court could fix and determine said attorney fees without the presentation of evidence and that the Court could take judicial notice of the rates and charges customary in the area. Thereupon, the Court determined and fixed the attorney fees. (Record p. 21)”
This court, being faced with the statement appearing in the judge’s order that the parties orally' stipulated and agreed before the court as to the attorney fees, must accept the lower court’s construction of the stipulation before it.
In Lake Sarasota, Inc. v. Pan American Surety Co., Fla.App.1962, 140 So.2d 139, 142, this court, in an opinion by Judge Smith, said:
“In their briefs, Sarasota and Tanner first argue that it is apparent from the record that there are controverted issues as to material facts and that they did not agree with the Court as recited in the order. This recital in the decree comes to us under a presumption of its correctness. It is the duty and responsibility of the attorneys in a cause to see that the orders entered by the trial court are in proper form and substance and that they correctly recite the record. Any incorrect statements made in any order should be promptly brought to the attention of the court. Florida Appellate Rule 3.61, 31 F.S.A., provides that where there is a question as to whether or not the record on appeal truly discloses what occurred in the lower court, then the question shall be . submitted to and settled by the lower court and the record conformed' accordingly. Since this was not done,, this question is foreclosed by the recital in the decree.”
We affirm the lower court.
ANDREWS and KANNER (Ret.), JJ.„ concur.