RAWLS, Chief Judge.
This law suit is closely related to the case of Kurz v. New York Life Insurance Company, Fla.App., 168 So.2d 564, which sets out at length the facts briefly reviewed here.
During his lifetime, Louis F. Kurz, Jr., purchased two life insurance policies from New York Life Insurance Company. These policies were made available under a group plan through the American Bar Association Endowment. Policy No. G-2766-1, which is referred to as the Senior Plan, is in the principal sum of $13,900.00, and Policy No. G-2766-0, which is referred to as the Junior Plan, is in the principal sum of $6,100.00. On February 7, 1963, Louis F. Kurz, Jr. mailed two notices of change of beneficiary to the American Bar Association Endowment as follows:
1. In the Senior Plan he designated that the beneficiary be changed from *538 his former wife, Appellee Essie G. - Kurz, to his wife Carlie C. Kurz.
2. In the Junior Plan he requested that the beneficiary be changed from Louis Kurz, Sr., as trustee for his children, to his former wife Essie G. Kurz.
Louis F. Kurz, Jr., was accidentally killed on February 11, 1963. Claim was made by Essie G. Kurz for the proceeds of the Senior Plan which claim constituted the subject matter of Kurz v. New York Life Insurance Company, supra. From the outset, New York Life Insurance Company took the position that the change of beneficiary had been effectuated by Louis F. Kurz, Jr. and refused to pay Essie G. Kurz the proceeds of the Senior Plan which position we affirmed. However, New York Life also advised Essie G. Kurz that before payment of the proceeds of the Junior Plan could be made to her, which it admitted it owed, she would have to withdraw her claim on the Senior Plan policy. This controversy came about because Essie G. Kurz took the inconsistent position that as to the Senior Plan policy the change in beneficiary did not become effective and as to the Junior Plan policy the change in beneficiary was effectuated. By letter dated January 13, 1964, New York Life advised Essie G. Kurz’s attorney “ * * * if you will supply the company proof in respect of that certificate, [Junior Plan] and make request for its payment, payment of the monies payable under that certificate will be made promptly.” On April 24, 1964 Essie G. Kurz advised the insurance company that unless she received the proceeds payable by reason of the Junior Plan, she would institute legal proceedings against it to secure same. Shortly after receipt of this letter the insurance company, instead of paying the proceeds of the Junior Plan policy as it had stated it would do in its letter of January 13, 1964, filed a “Complaint for Interpleader and Declaratory Relief” in which it, inter alia, alleged:: “Due proof of death of the insured was-made as required by the policy and the policy proceeds became payable at which-, time plaintiff was and continuously has been and still is able, ready and willing to-pay such proceeds to the person lawfully entitled to them * * * ”, and prayed that it be allowed to deposit the sums due-under the Junior Plan into the registry of the Court and that the Court adjudicate the party entitled to the proceeds thereof so as to relieve the company of further liability.
With the foregoing background in mind,, we now turn to what we consider to be the only justiciable point on appeal: The chancellor erred in denying the appellant’s request for attorney’s fee.
The instant amended complaint and', the complaint in Kurz v. New York Life-Insurance Co., supra, are founded upon the same facts. Therefore, our reasoning-therein is applicable to the case at bar and the following principle of law enunciated by Sturgis, J., speaking for this Court,, is controlling here, viz.:
“The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear, will not operate to-relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful' beneficiary, nor will it be permitted to-relieve that obligation and be awarded, a fee for the services of its attorney by resorting to interpleader on the theory that it may be put to vexatious-suits by contesting claimants when, as-in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking.”[1]
*539 Having concluded that New York Life should have promptly tendered rthe proceeds of the Junior Plan to Essie G. Kurz without any strings attached, it -necessarily follows that appellant’s point “has merit. New York Life contracted with the insured Louis F. Kurz, Jr. to pay to liis named beneficiary a certain sum of -money when the insured died. It did not contract with the insured to pay such beneficiary upon the condition that the beneficiary would not file a “spurious claim” on a separate and distinct contract of insurance. It is inescapable from this record that New York Life from the outset refused to perform its responsibility of tendering payment to the respective beneficiaries in accordance with the clear terms and conditions of its contracts. The insurance company was not authorized by the terms of the subject policy to adopt the arbitrary attitude that it did by saying to this beneficiary, in effect, we know you .are entitled to the proceeds of this life •insurance contract but will pay it only if you will not press a claim upon a separate .and distinct contract of insurance. By taking such an arbitrary position, the insurance company subjected itself to payment of .attorney’s fees to Essie G. Kurz’s attorney. Essie G. Kurz had done all that the terms of the policy required her to do to perfect Tier claim. The insurance company refused to pay the proceeds to her except upon the condition that she execute a release of .any claim on another separate and distinct contract. This action on the part of New York Life constituted a wrongful refusal to pay the beneficiary. It is well settled .that a wrongful refusal by the insurance company to pay a beneficiary the proceeds of an insurance policy subjects the company to the payment of the beneficiary’s attorney’s fees where such fees were necessarily incurred in collecting the proceeds.[2]
The chancellor s conclusion that' the instant beneficiary was not “free of blame” and must share the responsibility with New York Life Insurance Company for the litigation is of no import, for it ignores the terms of the subject contract. Risking redundancy, we repeat that the contract was between Louis F. Kurz, Jr. and New York Life Insurance Company, and the clear terms of same required New York Life to pay the proceeds to Essie G. Kurz. This it failed to do, but on the contrary, sought to escape its responsibilities by filing the instant action.
Reversed with directions to award an attorney’s fee to Essie G. Kurz pursuant to the provisions of Section 627.0127, Florida Statutes, 1963, F.S.A.
CARROLL, DONALD K., and JOHNSON, JJ., concur.

. Kurz v. New York Life Insurance Co., 168 So.2d 564 (Fla.App.1st, 1984).

. See Section 627.0127, Florida Statutes, 1963, F.S.A., and Salter v. National Indemnity Co., 160 So.2d 147 (Fla.App., 1964); Equitable Life Assurance Society of United States v. Nichols, 84 So.2d 500 (Fla.1956); Bohlinger v. Higginbotham, 70 So.2d 911 (Fla.1954); and United States Fire Insurance Co. v. Dickerson, 82 Fla. 442, 90 So. 613 (1921).