LILES, Judge.
Stanislaw Knapowski (the insured) took out a $50,000 life policy on his life issued by appellant (the insurer). Ap-pellee was a beneficiary under this policy. The insured tried to substitute his mother as beneficiary, but Metropolitan told him this was not advisable as his mother lived in Poland, and it would be difficult to get money to someone behind the Iron Curtain. The insured died in an auto accident, thereby invoking the double indemnity clause of his policy. The insured’s mother made an appearance through counsel hired by the Polish government, and the case went to trial to determine the proper beneficiary. The trial court found that appellee Heaver was the proper beneficiary and this court affirmed.[1] At a later hearing the court heard testimony regarding plaintiff appel-lee’s legal entitlement to attorney fees, and awarded her $18,000. Metropolitan appeals this award.
Florida Statute § 627.0127(1), F.S.A., provides:
“Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the named beneficiary under a policy or contract executed by the insurer, the trial court * * * shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured’s or beneficiary’s attorney prosecuting the suit in which the recovery is had.”
It is clear that the language of this statute requires attorney fees to be assessed against the insurance company in the instant case. The trial judge held an evidentiary hearing and heard the testimony of expert witnesses regarding the proper amount of fees. The fee awarded is within the range of the expert testimony. Maine Insurance Co. v. Raser, Fla.App.1970, 240 So.2d 163.
*910 No abuse of discretion having been shown, the order appealed from is affirmed.
PIERCE, C. J., and McNULTY, J., concur.

. Knapowska v. Metropolitan Life Insurance Co., Fla.App.1969, 226 So.2d 898.