295 So.2d 103 (1974)
MANUFACTURERS LIFE INSURANCE COMPANY, a Canadian Corporation, Petitioner,
v.
Ruthine CAVE, Respondent.
No. 44232.
Supreme Court of Florida.
April 19, 1974.
Rehearing Denied June 19, 1974.
Lawrence R. Metsch, Shutts & Bowen, Miami, for petitioner.
Fred J. Berman, Simons & Schlesinger, Hollywood, for respondent.
ROBERTS, Justice.
This cause is before us on certiorari granted to review the decision of the District Court of Appeal, Fourth District, in Manufacturers Life Insurance Company v. Cave and Mason reported at 279 So.2d 911 which conflicts with Equitable Life Assurance Society of United States, et al. v. Nichols, 84 So.2d 500 (Fla. 1956). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution, 1973, F.S.A. See Foley v. Weaver Drugs, Inc., 177 So.2d 221 (Fla. 1965).
This cause arose from an action by respondent against the petitioner-insurer on an insurance policy issued to insure the life of Henry Mason in the face amount of Twelve Thousand Dollars ($12,000.00). Mr. Mason, on June 20, 1969, executed an enrollment card by means of which he designated Ruthine Cave, respondent herein, a "friend," as his beneficiary under that policy. The insured passed away on July 6, 1971. Before the claim could be paid, an attorney for Mason's wife wrote to petitioner on July 8, 1971 indicating an intent to challenge the beneficiary designation in the policy and putting the petitioner on notice not to disburse any amounts to anyone until he had an opportunity to complete an investigation of the matter. Mason's widow had also attempted to assign part of the policy proceeds to the mortuary who handled Mason's funeral arrangements. In reply to this letter, petitioner wrote the widow's attorney advising him that the records indicate that the deceased appointed Ruthine *104 Cave as beneficiary and directing the widow's attorney to enlarge on his remarks as to the dispute of the claim and challenge to the beneficiary designation and to furnish petitioner with evidence that Ruthine Cave was not the proper payee. By letter dated September 30, 1971, the attorney of decedent's widow answered, stating that,
"It appears that the signature of Henry Mason as contained in his designation of beneficiary form, is spurious.
"Kindly indicate what evidence you need to substantiate this allegation."
Petitioner responded that this was a serious allegation, especially in view of the fact that it had never provided the widow with a copy of the original form naming respondent as beneficiary. Petitioner instructed the widow to provide its Miami office with documentation of her claim and further advised by letter dated October 7, 1971, that,
"Our Miami Branch Office has contacted us again, informing us that they are being pressed hard for payment by the lawyer acting on behalf of Ruthine Cave. We have informed them, however, that payment of the claim is being held up to allow your office to submit documentations supporting your most recent allegation."
Thereafter, on October 26, 1971, respondent brought the present claim for the proceeds of the policy. Petitioner filed an answer and a cross-claim for interpleader against the widow to completely settle her claim as well as respondent's. In its cross-claim for interpleader, petitioner alleged, inter alia,
"6. There is due the lawful claimant of the insurance proceeds the sum of $12,000.00, but by reason of the conflicting claims of plaintiff herein, Ruthine Cave, and of cross defendant, Wetta Mason, this cross-claimant cannot determine which of the claimants is lawfully entitled thereto. It is ready, able and willing to deposit said sum with the Clerk of this Court on the entry of an order discharging it from all further liability to either of said claimants, and herein offers so to do."
Subsequently, the trial court denied respondent's motion for judgment on the pleadings and granted petitioner's motion for default judgment on the cross-claim for interpleader. The order also directed petitioner to deposit with the clerk the proceeds of the policy in the following language:
"Upon its compliance therewith shall be relieved and discharged from any and all claims and liabilities to either the plaintiff or the cross-defendant."
The trial court then entered a corrected order amending the above quoted paragraph to reserve ruling on the issue of attorneys' fees, interest, and costs. Final judgment was entered incorporating by reference the two orders. Finally, the trial judge entered an order of final judgment allowing respondent $1,200.00 in attorney's fees plus interest thereon.
Petitioner appealed the award of attorney's fees under the particular facts of this cause and the District Court affirmed per curiam without opinion with Judge Walden dissenting. In his dissent, Judge Walden explained that petitioner had not wrongfully withheld payment, and that attorney's fees were awardable only where an insurer had wrongfully withheld payment. Judge Walden relied on the opinion of this Court in Equitable Life Assurance Society v. Nichols, supra, and stated that in the instant cause:
"The company was officially advised by a lawyer representing decedent's widow that the beneficiary designation form designating Mrs. Cave as beneficiary was a forgery. From all that appears, the company began an investigation in good faith into the matter and before the matter could be concluded, Mrs. Cave filed suit and the company interpleaded. *105 I feel that the company's conduct was reasonable under the circumstances and not unduly tardy.
"Black's Law Dictionary, 4th ed., defines `wrongful' as `[i]njurious, heedless, unjust, reckless, unfair. Mathes v. Williams, Tex.Civ.App., 134 S.W.2d 853, 858.'
"Of course, it would be an absurdity to suggest that any beneficiary would be satisfied with any delay in payment of proceeds. But whether they are satisfied or not and whether they precipitate the matter by leaping forward to file suit is not the question. The question is wrongful conduct vel non and, in my judgment, any fair appraisal will conclude that the Company's conduct nowhere came even close to meeting this criteria."
The controlling decision in Florida in this area is Equitable Life Assurance Society of United States, et al. v. Nichols, supra, factually very similar to the instant cause. In Nichols, supra, the insurance company was confronted by two claims to the proceeds of certain life insurance policies issued by the appellant insurance company. The surviving spouse claimed that decedent had been unduly influenced by Janet Nichols to change the beneficiary from her to appellee Nichols. Janet Nichols, as named beneficiary claimed entitlement to the proceeds. After futile attempts to negotiate an agreement or settlement, each claimant filed as suit at law. The insurance company filed a cross-bill of interpleader which was dismissed by the trial court. The trial court found that the decedent's action in changing the beneficiary was his free act and deed, without undue influence, and ordered the insurer to pay to Nichols the proceeds of the policy plus her attorney's fee and one-half of the litigation costs. Upon appeal, this Court affirmed the finding of absence of undue influence but reversed the award of attorney's fee and costs. Therein, this Court explicated:
"The lower court was, however, in error in requiring the company to pay an attorney's fee to the successful claimant, Nichols. Section 625.08, Fla. Stat. 1953, F.S.A., under which the appellee Nichols claims a right to an attorney's fee, provides that `Upon the rendition of a judgment or decree by any of the courts of this state against any insurer in favor of the beneficiary under any policy or contract of insurance executed by such insurer, there shall be adjudged or decreed against such insurer, and in favor of the beneficiary named in said policy or contract of insurance, a reasonable sum as fees or compensation for his attorneys or solicitors prosecuting the suit in which the recovery is had.' This statute has consistently been interpreted by this court as authorizing the recovery of attorney's fees from the insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. Bohlinger v. Higginbotham, Fla. 1954, 70 So.2d 911, and cases there cited. There was no controversy here between the appellee Nichols and the insurance company; the controversy was between the appellant Walsh and the appellee Nichols. The insurance company admitted liability under the policy but declined to pay either claimant until the dispute between them had been settled, either by negotiation or judicial fiat. The facts would have supported a bill for interpleader, had one been timely filed, and thus there was no `wrongful' refusal to pay the proceeds of the policy to the appellee Nichols."
See also, Bohlinger v. Higginbotham, 70 So.2d 911 (Fla. 1954); Industrial Insurance Co. v. First National Bank of Miami, 57 So.2d 23 (Fla. 1952); Pendas v. Equitable Life Assurance Soc., 129 Fla. 253, 176 So. 104 (1937).
Sub judice, the record before us fully supports the proposition that petitioner insurer did at all times act in good faith and did not wrongfully withhold payment to respondent. The petitioner admitted liability *106 under the policy but as in Nichols, supra, declined to pay either claimant until resolution of the dispute between the named beneficiary and the decedent's widow. The instant decision of the District Court of Appeal, Fourth District, insofar as it affirms the award of attorney's fees against petitioner should be and is hereby reversed.
Section 627.428(1), Florida Statutes, F.S.A. governing in the case at bar, and which provides:
"Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of an insured or the name beneficiary under a policy or contract executed by the insurer, the trial court, or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had."
differs only slightly from the language of Section 625.08, Florida Statutes, 1953, applicable in Nichols, supra, in that the present statute authorizes the award of an attorney's fee to a prevailing "insured or named beneficiary" while the 1953 act provided that the prevailing "beneficiary" recover attorney's fees; the present statute specifically authorizes awarding of attorneys' fees by an appellate court while the earlier statute did not so provide. However, the basic wording of the 1953 statute in effect in Nichols has been carried over with only minor editorial changes beyond those enumerated above. Our earlier interpretation of this statute in Equitable Life Assurance Society of the United States v. Nichols, supra, is equally applicable to the present statute.
Travelers Insurance Co. v. Osselmeir, 177 So.2d 20 (Fla.App. 1965), involved the same issue of entitlement by plaintiff to attorney's fee where an examination of the record clearly showed in the correspondence between the insurer and the two administrators that the insurer's withholding of payment was in good faith and not wrongful. Therein the DCA-2 held that the reviewing court was not bound by the trial court's statement in summary judgment that the parties had orally stipulated that the amount of attorney's fees to be awarded plaintiff's attorney be determined by court without evidence being presented thereon, so as to be held to construction of stipulation as requiring payment of fees but that, constructing pleadings and orders, it determined that stipulation was made only as to amount of fee and not to legal entitlement vel non to a fee, and that as the insurer's refusal of payment was in good faith and not wrongful, no attorney's fee was due. See also, Dade County et al. v. Trombly, 104 So.2d 606 (Fla.App. 1958); Davis v. Modern Woodmen of America, 118 So.2d 805 (Fla.App. 1960).
Significantly, respondent in no way refutes the applicability of the decision of this Court in Nichols, supra, to the case at bar. In fact, respondent makes no reference to this controlling decision but rather cites several decisions from District Courts of Appeal[1] which are not decisive sub judice *107 and the decision of this Court in Feller v. Equitable Life Assurance Society, 57 So.2d 581 (Fla. 1952), decided prior to Nichols, supra. Feller, supra, does not support respondent's position that the trial court acted correctly in awarding an attorney's fee under the particular facts of the instant cause nor does it even deal with the issue confronting us sub judice. The question involved in Feller, supra, which was answered in the affirmative by this Court, was whether the insured may obtain a judgment for attorney's fees under Section 625.08, Florida Statutes, where an insurance contract is made in another state in which there is no law allowing attorney's fees, but the insured moved to Florida and became a resident of Florida, paid premiums while a resident of Florida, and the insurance company complied with the laws of Florida with reference to foreign corporations and insurance companies. Equitable Life Assurance Society of the United States v. Nichols, supra, is decisive under the particular facts of the instant cause.
Accordingly, the decision of the District Court is quashed insofar as it affirms the award of attorney's fees to respondent, and the cause is remanded to the District Court to proceed in accordance with the views herein expressed.
It is so ordered.
BOYD, DEKLE and CARLTON (Retired), JJ., concur.
ERVIN, J., dissents with opinion in which ADKINS, C.J., and McCAIN, J., concur.
ERVIN, Justice (dissenting):
The refusal of this Court to follow the language of Section 627.428(1), F.S., in this case and require payment of the attorney's fee of $2100 as directed by the trial court and affirmed by the District Court is a departure from the rule, "equity follows the law." This Court has decided to substitute its judgment on the facts and set aside application of the statute upon a very tenuous, irrelevant and mistaken notion of equitable principles.
The majority decision overlooks that insurance companies have the statutory duty to superintend their protective coverage and take expeditious and appropriate steps to determine the identities of beneficiaries covered by their policies and promptly pay claims without hiding behind "interpleader" actions and casting upon the courts their duty to learn the identities of their beneficiaries. If the companies resort to the courts for such determinations, they should not do so with impunity from attorneys' fees.
Resort to interpleader by an insurer can well be a delaying tactic to avoid having to *108 make a firm decision and pay promptly to the beneficiary the proceeds of the policy. In the meantime, the beneficiary  often needy and impecunious  is disadvantaged by the insurer's tactics delaying payment.
The tender solicitude of blanket disalloance of attorneys' fees whenever an interpleader is filed represents a vexatious legal approach to the claims of beneficiaries, favoring laxness and unbusinesslike conduct.
It is passing strange that the beneficiary or consumer in matters of this kind is the one who usually has to suffer the delay, cost, and expense of justifying his claim despite the terms of the insurance contract and state laws to the contrary placing this duty upon the insurance company.[1] This favoritism is poor law and poor equity. Insurance companies from their records and their continuing service of their insureds' business should know beforehand or promptly fulfill their duty to ascertain their beneficiaries upon proof of loss and make expeditious payment without putting them through the expense of an interpleader suit. If the companies do this they should be prepared to pay the litigation costs entailed the beneficiaries.
The District Court should be upheld. The case of Equitable Life Assurance Society of United States, et al. v. Nichols (Fla. 1956), 84 So.2d 500, should be expressly overruled or minimized in its impact.
In Feller v. Equitable Assurance Society (Fla. 1952), 57 So.2d 581, the better view of the statute is expressed as follows:
"... The business of insurance is affected with the public interest as much as any other business conducted in the United States. Such business is subject to reasonable regulation in the public interest. It is an undue hardship upon beneficiaries of policies to be compelled to reduce the amount of their insurance by paying attorney's fees when suits are necessary in order to collect that to which they are entitled. ..." (At 586.) (Emphasis supplied.)
In Kurz v. New York Life Insurance Company (Fla.App. 1964), 168 So.2d 564, it was held that:
"[5] The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear will not operate to relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful beneficiary, nor will it be permitted to relieve that obligation and be awarded a fee for the services of its attorney by resorting to interpleader on the theory that it may be put to vexatious suits by contesting claimants when, as in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking."
See also, Salter v. National Indemnity Co. (Fla.App. 1964), 160 So.2d 147.
By enactment of Section 627.428(2), F.S., the Legislature has provided the insurance companies with adequate time to make the determination of proper beneficiary. It is apparent from the record as reflected in the majority opinion that the Petitioner acted in disregard of Respondent's rights.
There appears no basis upon which the company should be allowed to cause the respondent to bear the cost and expenses of retaining an attorney and paying for his services because of the company's timidity in making payment in accordance with the terms and provisions of its policy of insurance.
Even if it is conceded that in rare interpleader cases the good faith of the insurers is so overriding a necessity in determining *109 true beneficiaries and that no penalties by way of attorneys' fees are justified, the instant case falls far short of that category. The only justification for the quashal in this case is mistaken application of stare decisis, which should not be allowed in a case so factually implausible as this one.
Even if this Court is willing to follow the Nichols decision in the rare case of clearly demonstrable good faith on the part of the insurer as to the uncertainty of the identity of beneficiary, the Court should not apply the rule indiscriminately where an insurer files interpleader and particularly not under the facts of this case.
ADKINS, C.J., and McCAIN, J., concur.
NOTES
[1] Metropolitan Life Insurance Co. v. Heaver, 253 So.2d 908 (Fla.App. 1971), factually at variance with the instant cause; Kurz v. New York Life Insurance Co., 168 So.2d 564 (Fla. App. 1964), also factually at variance with the instant cause. In Kurz, the First District Court of Appeal distinguished Equitable Life Assurance Society of United States v. Nichols, supra, in the following excerpt:

"The dispute giving rise to this proceeding did not involve contested facts but rather an interpretation of the policy language drafted by the insurer, and is distinguishable on the facts from Equitable Life Assurance Society of United States v. Nichols, Fla. 1956, 84 So.2d 500, in that no blame can be placed on either claimant for the failure of the insurer to promptly pay the policy proceeds. It was the conduct of the insurer, either in its use of the contract language, in its unwillingness to bear the reponsibility for interpreting that language, or in its delay in recording the change of beneficiary, that made made Carlie C. Kurz' involvement in this litigation likely and which produced that result. Under such circumstances, the expense of collecting the policy proceeds should not be borne by the beneficiary who is entirely innocent of responsibility but by the party whose conduct, notwithstanding its good faith, brought about her involvement in the controversy. Comparing the accountability of the insurer herein to that of appellee Carlie C. Kurz, it is obvious that the former contributed substantially to the existence of the problem resulting in litigation and that the latter was entirely free of blame. Section 627.0127, Florida Statutes, F.S.A., contemplates that under such circumstances the trial judge shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the claim in the suit in which recovery is had against the insurer."
In a subsequent decision of Kurz v. New York Life Insurance Co., 181 So.2d 537 (Fla.App. 1966), closely related to Kurz, supra, as above cited, the First District Court of Appeal reiterated that it is well settled that wrongful refusal by an insurance company to pay proceeds of an insurance policy to a beneficiary subjects the company to payment of the beneficiary's attorney's fees where such fees were necessarily incurred in obtaining proceeds. Respondent also cites Salter v. National Indemnity Co., 160 So.2d 147 (Fla.App. 1964), clearly factually dissimilar and inapplicable to the case at bar.
[1] cf. Wilder v. Wright (Fla. 1973), 278 So.2d 1.