373 So.2d 916 (1979)
NEW YORK LIFE INSURANCE COMPANY, Petitioner,
v.
Lena SHUSTER, Respondent.
No. 52961.
Supreme Court of Florida.
July 27, 1979.
*917 Don A. Lynn of Shutts & Bowen, Miami, for petitioner.
Martin Lemlich, Miami, for respondent.
ALDERMAN, Justice.
We have for review, by petition for writ of certiorari, the decision in Shuster v. New York Life Insurance Co., et al., 351 So.2d 62 (Fla. 3d DCA 1977), which conflicts with Manufacturers Life Insurance Co. v. Cave, 295 So.2d 103 (Fla. 1974). The issue before us is whether Lena Shuster, whom the district court determined to be the beneficiary of an insurance policy issued by New York Life Insurance Co., is entitled to attorney's fees for bringing this action for recovery under the policy. The district court held that Mrs. Shuster was entitled to recover her attorney's fees because it concluded that New York Life's refusal to pay was not a good faith refusal. We reach a contrary conclusion, and, consistent with our prior decision in Manufacturers Life Insurance Co. v. Cave, we find that New York Life, confronted with conflicting claims and disputed issues of fact, acted in good faith in withholding the proceeds from both claimants pending a judicial determination, and therefore it is not liable for the payment of Mrs. Shuster's attorney's fees.
The relevant facts are that New York Life Insurance Company issued an insurance policy to Saul Shuster in 1930. In 1952, Shuster changed the beneficiaries under the life insurance policy to his daughter Shirley Grossman and his son, who predeceased him. On July 29, 1975, he executed a change of beneficiary form in favor of Lena Shuster, but his lawyer did not mail the form and insurance policy to New York Life until sometime between September 5-10, 1975. The insured died on August 25, 1975. On September 8, 1975, Shirley Grossman wrote New York Life advising it that her father had died and inquiring as to her status as beneficiary. New York Life responded to her inquiry by letter dated September 22, 1975, advised her that its records indicated that the last beneficiary change was executed in 1952, naming her and her brother as beneficiaries, and furnished her with claim forms on the policy. On September 23, 1975, New York Life, at its Atlanta office, endorsed the change of beneficiary on the insurance policy. The home office in New York was notified of the endorsement the next day. Upon receiving the change of beneficiary form at its New York office, New York Life, in a letter dated September 30, 1975, informed Grossman that, at the time it had responded to her initial inquiry and had furnished her with claim forms, it was not aware that the Atlanta office had received and accepted a change of beneficiary naming Lena Shuster as beneficiary. It requested that Grossman furnish it with a release of claim on the policy. To this letter Grossman answered that she would not sign a release because she believed the signature on the change of beneficiary form was a forgery. Shortly thereafter, Shuster filed a claimant's statement with the insurer. New York Life wrote Shuster on October 9, 1975, that, in view of the contents of a letter it had received from Grossman, it felt compelled to suspend payments of the proceeds of the policy at that time. Then, on October 22, 1975, Grossman's attorney wrote New York Life advising it that Grossman was asserting her claim as the sole surviving first beneficiary under the policy and, once again, informing it that Grossman challenged the authenticity of the signature on the change of beneficiary form. Shuster filed suit on the policy on October 28, 1975. New York Life filed a counterclaim for interpleader and a motion to implead Grossman as a party defendant to the counterclaim. *918 It alleged in its counterclaim that it was ready, willing, and able to pay the proceeds, but because of the allegations of forgery it was uncertain as to who was entitled to the proceeds of the policy.
The trial court initially ruled against Shuster, in favor of the rival claimant, Grossman. The district court, however, reversed the award to Grossman on the basis that the change of beneficiary form that named Shuster as the new beneficiary was executed by the insured and subsequently received by the insurer in accordance with the provision of the policy. This holding is not disputed. What is challenged is the district court's award of attorney's fees to Shuster. In support of its award of attorney's fees, the district court relied upon the following language from Kurz v. New York Life Insurance Co., 168 So.2d 564, 568 (Fla. 1st DCA 1964):
The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear, will not operate to relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful beneficiary, nor will it be permitted to relieve that obligation . . by resorting to interpleader on the theory that it may be put to vexatious suits by contesting claimants when, as in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking.
Such reliance is a misapplication of the law since Kurz did not involve contested facts. Rather, it involved only the interpretation of policy language. Because no blame could be placed on either claimant for the failure of the insurer to promptly pay policy proceeds, the district court in Kurz held that Equitable Life Assurance Society of United States v. Nichols, 84 So.2d 500 (Fla. 1956), was distinguishable on the facts. In the case under consideration, however, the insurer's refusal to pay Shuster was not based solely upon a legal interpretation of the insurance policy; it was also based upon Grossman's allegation that the signature of her father on the change of beneficiary form was forged.
The facts of the present case are substantially identical to those in Manufacturers Life Insurance Co. v. Cave, wherein we refused to award attorney's fees to the prevailing party in an interpleader action by the insurer on the basis that the insurer had acted in good faith in withholding payment of proceeds of an insurance policy from both claimants. In Manufacturers Life, Ruthine Cave had been named as beneficiary of a life insurance policy. The deceased insured's wife contested the beneficiary designation in the policy and put the insurer on notice not to disburse the proceeds until further investigation could be completed. When requested by the insurer to enlarge upon these remarks, the widow's counsel informed the insurer that the signature on the enrollment card was a forgery. The insurer, upon being notified of the forgery claim, advised Cave that payment would have to be withheld. Shortly thereafter, Cave instituted suit for the policy proceeds. The insurer cross-claimed for interpleader in order that the rival claims could be resolved. Judgment and attorney's fees were awarded in favor of Cave. The attorney's fees award was appealed by the insurer, and the district court affirmed. Relying upon our earlier decision in Equitable Life Assurance Society of United States v. Nichols, which held that for an insurer to be liable for attorney's fees there must be a wrongful withholding of payment, we reversed the award of attorney's fees and found, under these facts, that the insurer had acted in good faith and not wrongfully.
Accordingly, insofar as it holds that Lena Shuster is entitled to reasonable attorney's fees for bringing this action, the decision of the district court is quashed.
It is so ordered.
ENGLAND, C.J., and BOYD, OVERTON and SUNDBERG, JJ., concur.