477 So.2d 634 (1985)
Clote RAY, Appellant/Cross-Appellee,
v.
TRAVELERS Insurance Company, Appellee/Cross-Appellant.
No. 84-1181.
District Court of Appeal of Florida, Fifth District.
September 26, 1985.
Rehearing Denied October 29, 1985.
*635 Robert J. Telfer, Jr., Titusville, for appellant/cross-appellee.
George A. Meier, III, and Craig L. Brams of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellee/cross-appellant.
ORFINGER, Judge.
The trial court determined that appellant, Clote S. Ray, was the beneficiary of an insurance policy on the life of Jack R. Ray, deceased, awarded her attorney's fees in addition to the policy proceeds, but denied her any prejudgment interest. She appeals, contending 1) that she was entitled to prejudgment interest, and 2) that the trial court's award of an attorney's fee was insufficient. The appellee cross-appeals, arguing that appellant was not entitled to any award of attorney's fees, and that it (the appellee) was entitled to attorney's fees on its third party complaint for interpleader. We reverse as to prejudgment interest, and affirm on the issues of attorney's fees.
At the time of his death on April 23, 1982, Jack R. Ray, as an employee of Pan-American World Airways, Inc., was insured under a group life insurance policy issued by appellee, Travelers Insurance Company (Travelers). The designated beneficiary of the $45,000 policy was appellant Clote S. Ray. After Jack's death, Clote Ray submitted a proper claim form to Pan-American's insurance office which in turn transmitted the necessary paper work to Travelers. Travelers then cut the check for the proceeds, but never delivered it because in the meantime, it became aware of a letter from an attorney contending that he represented Jack's father and minor children who might have certain rights under that policy. The nature of these rights or the basis for their claim was not disclosed. Travelers did nothing further to investigate the validity of any such claims, nor did it ask the basis of such claim or request supporting documentation or information. It merely acknowledged receipt of the letter, advised the attorney that Clote S. Ray was the designated beneficiary and suggested that "[i]t is our hope some sort of solution or settlement is possible."
On August 20, 1982 Clote S. Ray filed suit against Travelers, demanding the policy proceeds, interest and attorney's fees. Travelers answered admitting that plaintiff was the designated beneficiary but filed a third party complaint for interpleader, naming as third party defendants the putative claimants, all of whom subsequently appeared either in person or by counsel. The *636 answers filed by each of them to the third party complaint stated no legal or factual basis for any claim, but merely asserted the conclusory position that they claimed the proceeds. Plaintiff Clote Ray then filed a motion for summary judgment, relying on the policy and on the beneficiary designation. None of the defendants presented any meritorious or substantive evidence in opposition, and the trial court correctly entered the summary judgment in favor of Clote Ray. Clearly, any claim of persons other than Clote Ray were frivolous.

PREJUDGMENT INTEREST
The general rule is that on an action ex contractu, the person to whom the debt is due is entitled to interest at the legal rate from the date the debt was due, even where (unlike here) there is a bona fide dispute as to the amount or the obligation to pay. Nationwide Mutual Insurance Company v. Griffin, 222 So.2d 754 (Fla. 4th DCA 1969); English and American Insurance Company v. Swain Groves, Inc., 218 So.2d 453 (Fla. 4th DCA 1969). Once a verdict liquidates damages as of a date certain, computation of prejudgment interest is merely a mathematical computation and is an element of damages as a matter of law, to be calculated at the statutory rate in effect at the time the interest accrues. Argonaut Insurance Company v. May Plumbing Company, et al., 474 So.2d 212 (Fla. 1985). The trial court stated that it was denying interest because "Plaintiff resisted the payment of the benefits into the court registry." This is not a legal basis for the denial of interest. More than a year after the litigation commenced Travelers moved for leave to deposit the money into the court registry and get out of the litigation. The plaintiff apparently resisted this motion. The trial court denied Travelers' motion. It seems anomalous for the trial court to rule in plaintiff's favor on this motion, and then to punish the plaintiff for asserting the position with which the court agreed. Had the trial court believed plaintiff's position to be incorrect, it could have granted Travelers' motion. Plaintiff is entitled to prejudgment interest.

ATTORNEY'S FEES
Section 627.428(1), Florida Statutes (1983) provides:
Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.
In actions to recover on life insurance policies, this statute, and its predecessors, has consistently been interpreted to authorize recovery of attorney's fees from an insurer only when the insurer has wrongfully withheld payment of the proceeds of the policy. New York Life Insurance Company v. Shuster, 373 So.2d 916 (Fla. 1979); Manufacturers Life Insurance Company v. Cave, 295 So.2d 103 (Fla. 1974); The Equitable Life Assurance Society v. Nichols, 84 So.2d 500 (Fla. 1956). Although the trial court made no specific finding of wrongful withholding, the evidence supports the conclusion that Travelers wrongfully withheld payment of the policy proceeds.
The facts of this case are unlike those of Shuster, Cave or Nichols, supra. In Shuster, the insurance company was put on notice by the earlier named beneficiary of the policy that a later change of beneficiary form was a forgery. Despite the insurer's attempt to resolve the problem, the earlier beneficiary persisted in her allegations of forgery and challenged the authenticity of the signature on the change of beneficiary form. When the later beneficiary brought suit, the insurer interpleaded the earlier beneficiary, and alleged that because of the allegations of forgery it was *637 uncertain as to who was the beneficiary of the policy. Cave also involved a claim of forgery made by the insured's widow with regard to a beneficiary designation. There, the insurer investigated the claim and requested documentation of the claim. Shortly after the last such request was made, (and apparently without providing such documentation) the widow filed suit. The insurer cross-claimed for interpleader, asserting its uncertainty as to the identity of the beneficiary because of the widow's claim of forgery. In Nichols, the earlier beneficiary contended that the change of beneficiary form was procured by undue influence. The insurance company attempted to negotiate a settlement between the conflicting claims, but failed, and each claimant filed a separate action against the insurance company and the opposing claimant. In each case, the court found no "wrongful" refusal, because each claim involved a factual dispute which the insurer was unable to resolve by itself.
Here, there is no factual dispute because no factual assertion was made by the "claimants." Thus, the facts of this case more closely resemble those of Kurz v. New York Life Insurance Company, 168 So.2d 564 (Fla. 1st DCA 1964). In Kurz, the insured had executed a change of beneficiary form shortly before his accidental death, naming his new wife as beneficiary. Both his new wife and his former wife, the original beneficiary, filed claims for the proceeds. New York Life determined that the change of beneficiary form was proper, but refused to pay the proceeds until the former wife signed a release of her claim although it recognized the new wife as the beneficiary. In upholding an award of attorney's fees to the new wife (in addition to the award by summary judgment of the policy proceeds), the court found that no contested facts were involved and that there was no lawful basis for the failure of the insurer to promptly pay the proceeds of the policy to the party it recognized as being entitled thereto, and said:
The fact that there are conflicting claims to the proceeds of an insurance policy, the terms and conditions of which are clear, will not operate to relieve the insurer from prompt performance of its obligation to pay the proceeds to the recognized rightful beneficiary, nor will it be permitted to relieve that obligation and be awarded a fee for the services of its attorney by resorting to interpleader on the theory that it may be put to vexatious suits by contesting claimants when, as in this case, it has wrongfully delayed payment. It is a normal consequence of engaging in business that the parties to an unambiguous contractual relationship accept the risk of performing according to the clear terms and conditions of their undertaking.
Id. at 568.
There are no contested facts in this case. Travelers recognized Clote Ray as the beneficiary of the policy. The correspondence from the attorney representing the deceased's father and children merely stated that the minor children claimed the benefits. It gave no legal or factual basis for the claim, and Travelers asked for none. Travelers responded that Clote S. Ray was the beneficiary of the policy and that it hoped a solution or settlement was possible. However, it did nothing until the beneficiary filed this suit. The evidence supports the plaintiff's contention that the proceeds were wrongfully withheld. The plaintiff was entitled to attorney's fees under the statute. The amount of the award, however, was within the trial court's discretion and we find no abuse of that discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
For these same reasons, the trial court correctly denied attorney's fees to Travelers, who was not just an innocent stakeholder in these proceedings. To claim entitlement to an award of attorney's fees, a plaintiff in interpleader must show, among other things, that he is a disinterested, innocent stakeholder, and that he has not instituted the action for his own protection. Drummond Title Company v. Weinroth, 77 So.2d 606 (Fla. 1955); Brown v. Marsh, 98 Fla. 253, 123 So. 762 (1929); *638 Rafter v. Miami Gables Realty, Inc., 428 So.2d 351 (Fla. 3d DCA 1983); Kurz, supra. Travelers did not meet these tests.
The judgment is affirmed except insofar as it failed to award prejudgment interest to plaintiff, as to which it is reversed, with directions to calculate and award such interest to plaintiff at the statutory rate from the date of death of the insured.
AFFIRMED in part, REVERSED in part, and REMANDED.
COBB, C.J., and KIRKWOOD, L.R., Associate Judge, concur.