476 So.2d 1357 (1985)
Robert N. CROTTS, Appellant,
v.
BANKERS AND SHIPPERS INSURANCE COMPANY OF NEW YORK, a Corporation, and Fort Myers Community Hospital, Inc., Appellees.
No. 84-2726.
District Court of Appeal of Florida, Second District.
October 16, 1985.
David R. Linn of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellant.
T. Rankin Terry, Jr. of Terry & Terry, Fort Myers, for appellee Bankers and Shippers Ins. Co.
Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee Fort Myers Community Hosp.
LEHAN, Judge.
Plaintiff appeals the trial court's denial of attorney's fees under section 627.428(1), Florida Statutes (1983), in plaintiff's successful suit against Bankers and Shippers Insurance Company of New York ("Bankers") for the recovery of disability insurance benefits. Plaintiff also appeals the summary judgment awarded to Fort Myers Community Hospital, Inc. ("Hospital") on *1358 its counterclaim for unpaid hospital bills. We affirm the denial of attorney's fees and reverse the Hospital's summary judgment.
On May 8, 1982, plaintiff was severely injured while riding a motorcycle. He was transported immediately to the Hospital. The next day plaintiff apparently signed a hospital form which included an assignment to the Hospital of "the insurance hospital benefits and major medical benefits due me... ." Plaintiff later stated he had no recollection of signing the form. Upon readmission to the Hospital on July 25, 1982, plaintiff apparently signed an identical form. Again plaintiff stated that he did not recall doing so but admitted that the signature on the second form is his.
On June 14, 1982, plaintiff's attorneys notified Bankers that plaintiff was requesting that the entire $10,000 no-fault insurance benefits available to him be reserved to pay disability benefits, rather than medical benefits, as provided by section 627.736(1)(b), Florida Statutes (1981). Bankers began making biweekly disability payments to plaintiff.
In approximately January 1983, Bankers was requested to pay plaintiff the entire remaining $5,920 balance of the available disability benefit because plaintiff was by then considered to be permanently disabled. However, before Bankers made the lump sum payment, the Hospital notified Bankers of its claim for the remainder of the benefits based on the two assignments and other supporting documents not relevant to this discussion. Bankers eventually forwarded a draft for the remaining benefits payable jointly to plaintiff and the Hospital.
Plaintiff then sued Bankers for the benefits. Bankers filed a third-party complaint against the Hospital for interpleader and declaratory relief. The Hospital counterclaimed against plaintiff for unpaid hospital bills. The trial court, on motions for summary judgment, awarded plaintiff the insurance benefits plus interest but denied plaintiff's request for attorney's fees from Bankers. The court also granted summary judgment to the Hospital on its claim against plaintiff for unpaid bills.
On appeal, the first issue concerns the question of when an insurance company is obligated to pay attorney's fees under section 627.428(1), Florida Statutes (1983), if it is faced with conflicting claims to the insurance policy proceeds. The general rule is to the effect that an insurance company must pay those attorney's fees if the company wrongfully caused the parties to resort to litigation by not resolving the conflict when it was reasonably within the company's power to do so. For example, the insurance company was required to pay the beneficiary's attorney's fees in Kurz v. New York Life Insurance Co., 168 So.2d 564 (Fla. 1st DCA 1964), where the litigation resulted from the insurance company's failure to give effect to a provision in its own policy. In contrast, the insurance company was not required to pay the beneficiaries' attorney's fees in either New York Life Insurance Co. v. Shuster, 373 So.2d 916 (Fla. 1979), or Manufacturers Life Insurance Co. v. Cave, 295 So.2d 103 (Fla. 1974), where the litigation resulted from beneficiaries' claims that change of beneficiary forms were forged, a type of claim that the insurance company could reasonably be expected to be resolved by a court.
In Great Southwest Fire Insurance Co. v. DeWitt, 458 So.2d 398 (Fla. 1st DCA 1984), the conflicting claims revolved around the question of whether a deceased mortgagee had held the mortgage in a tenancy by the entireties with his wife so that upon his death his wife became sole holder of the mortgage. The house on which the mortgage was held was destroyed by fire. In attempting to pay the insurance proceeds jointly to the mortgagors and mortgagees, the insurance company was unable to determine who the proper mortgagees were, i.e., who inherited the deceased mortgagee's interest. During the litigation, however, the mortgage was apparently paid off and a satisfaction of mortgage was executed. The court found that prior to the execution of the satisfaction of mortgage, the insurance company was not liable *1359 for attorney's fees because the legal question concerning the deceased mortgagee's heirs presented the company with legitimate conflicting claims. However, the court found that the execution of the satisfaction of mortgage relieved the company of any obligation to persons claiming an interest in the mortgage. It was concluded that the insurance company "improperly withheld payment of the proceeds past that point in time." 458 So.2d at 400. Accordingly, attorney's fees were properly awarded for the work done after the satisfaction of mortgage was presented to the insurance company.
In the case now before us, we agree with the trial court's denial of the insured's claim for attorney's fees. Because the conflict in this case involved the resolution of factual and legal issues which the insurance company could not reasonably be expected to resolve on its own, the insurance company was not wrongful in withholding payment and forcing the conflict into court. The factual issue involved whether the insured's assignments of benefits to the hospital were valid so as to divest the insured of his privilege under the policy to request that the insurance proceeds be paid as disability, rather than medical, benefits. The legal question involved the effect of section 222.18, Florida Statutes (1983), which exempts disability payments from legal process. Accordingly, we affirm the trial court's ruling on the plaintiff's claim for attorney's fees.
As to point (2), the Hospital concedes that the trial court erred in entering summary judgment in its favor because there was no evidence to establish the amount owed by plaintiff to the Hospital. Plaintiff contends, in opposition, that no judgment can be entered in this lawsuit in favor of the Hospital against plaintiff for that amount because the Hospital in its counterclaim based its entire cause of action upon the assignments of benefits, not upon services rendered and amounts owed. We agree with the hospital's concession and disagree with plaintiff's contention. There was no evidence before the trial court establishing the amount owed to the Hospital for its services rendered to plaintiff. Therefore, the summary judgment in favor of the Hospital is reversed. But the Hospital is entitled to undertake to prove the allegations in the counterclaim that it is owed sums for hospital services provided to plaintiff.
Reversed and remanded for proceedings consistent herewith.
OTT, A.C.J., and HALL, J., concur.