503 So.2d 358 (1987)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Joseph BATTAGLIA, et al., Appellees.
No. 86-1239.
District Court of Appeal of Florida, Fifth District.
February 5, 1987.
Rehearing Denied March 4, 1987.
*359 Dennis R. O'Conner of Gurney & Handley, P.A., Orlando, for appellant.
Ronald J. Langa of Maher, Overchuck, and Langa, Orlando, for appellees.
COBB, Judge.
This appeal challenges the propriety of an award of attorney fees to a plaintiff against his uninsured motorist carrier, pursuant to section 627.428, Florida Statutes (1983). That statute provides that upon rendition of a judgment against an insurer and in favor of any insured, the trial court shall award reasonable attorney fees against the insurer. The background facts in this case are unusual, and must be detailed for clarification of the legal issues presented.
The original cause arose from a collision between an automobile operated by the putative tortfeasor, Robert Senerchia, and a moped operated by the minor plaintiff, Joseph Battaglia, Jr., in Seminole County, Florida, on June 22, 1982. Senerchia carried liability coverage with Florida Farm Bureau (hereinafter FFB) in the amount of $300,000. The Battaglia family had uninsured motorist coverage with Government Employees Insurance Company (hereinafter GEICO) applicable to the incident in the same amount.
The Battaglias filed suit against Senerchia and FFB on July 25, 1983. This litigation continued for over a year, at which time Senerchia left Florida and moved to Texas. Shortly thereafter, FFB denied coverage on the basis that its defense was prejudiced by Senerchia's disappearance and refusal to cooperate. The pending circuit court action was abated, and the Battaglias demanded arbitration with GEICO under the uninsured motorist coverage. An arbitration panel was selected and a final hearing date was set. Before such hearing could be held, GEICO located Senerchia in Seabrook, Texas, and scheduled his deposition, notifying FFB and the Battaglias. Counsel for both carriers and for the Battaglias traveled to Texas for the deposition of Senerchia, which was held on February 4, 1985. At the time of the deposition, FFB reinstated its coverage for the 1982 collision. Based on this reinstatement, GEICO filed a motion on February 8, 1985, to stay the pending arbitration and on February 12, 1985, instituted a declaratory judgment action against the Battaglias seeking a determination that it was not liable for uninsured motorist coverage of the incident due to the available FFB coverage, which was in an amount equal to the uninsured motorists coverage. See *360 Scharfschwerdt v. Allstate Insurance Co., 430 So.2d 578 (Fla. 5th DCA 1983); Wausau Underwriters Ins. Co. v. Taubler, 448 So.2d 545 (Fla. 5th DCA 1984).
On March 22, 1985, the circuit court, acting on GEICO's motion, entered an order staying arbitration. Motions for summary judgment by the parties in the declaratory judgment action were denied. Thereafter, Senerchia disappeared again, apparently moving to California. Once again, FFB denied coverage based upon lack of cooperation. This occurred sometime during October, 1985. Thereupon, the Battaglias filed a new summary judgment motion seeking a declaration of uninsured motorists coverage by GEICO, and summary judgment to that effect was entered on December 2, 1985; GEICO and the Battaglias were ordered to resume arbitration.
Battaglia's counsel then filed a petition for attorney fees and costs, maintaining that he obtained uninsured motorist coverage and was entitled to an award pursuant to section 627.428. At hearing GEICO maintained that there was a legitimate legal and factual dispute concerning the existence of the coverage, and that it reasonably sought the lower court's guidance on the question. In addition, GEICO maintained that it never denied coverage, and argued that it should not be penalized for relying on the lower court's order staying the arbitration proceeding. The trial court granted the petition for attorney fees in the amount of $12,000, representing fees incurred subsequent to March 22, 1985. The trial court found that GEICO was willing to arbitrate up until that time. It is from the attorney fee order that GEICO appeals.
GEICO contends that it was error for the trial court to award attorney fees to the Battaglias because it never denied coverage at a time when the coverage was not being afforded by FFB. See Scharfschwerdt and Wausau. GIECO also argues that it cannot be penalized for a stay of arbitration entered by the trial court.
The law in regard to the instant issue is succinctly summarized in a case relied on by GEICO, Crotts v. Bankers & Shippers Ins. Co. of New York, 476 So.2d 1357 (Fla. 2d DCA 1985), review denied, 486 So.2d 595 (Fla. 1986):
... The general rule is to the effect that an insurance company must pay those attorney's fees if the company wrongfully caused the parties to resort to litigation by not resolving the conflict when it was reasonably within the company's power to do so. For example, the insurance company was required to pay the beneficiary's attorney's fees in Kurz v. New York Life Insurance Co., 168 So.2d 564 (Fla. 1st DCA 1964), where the litigation resulted from the insurance company's failure to give effect to a provision in its own policy. In contrast, the insurance company was not required to pay the beneficiaries' attorney's fees in either New York Life Insurance Co. v. Shuster, 373 So.2d 916 (Fla. 1979), or Manufacturers Life Insurance Co. v. Cave, 295 So.2d 103 (Fla. 1974), where the litigation resulted from beneficiaries' claims that change of beneficiary forms were forged, a type of claim that the insurance company could reasonably be expected to be resolved by a court.
476 So.2d at 1358.
The purpose of section 627.428 is to penalize a carrier for wrongfully causing its insured to resort to litigation to resolve a conflict when it was reasonably within the carrier's power to do so. Crotts at 1358. See also Vermont Mutual Ins. Co. v. Bolding, 381 So.2d 320 (Fla. 5th DCA 1980). When the claim is one that the carrier reasonably can expect to be resolved by a court, rather than by itself, then section 627.428 does not generate a punitive fee. New York Life Ins. Co. v. Shuster; Manufacturers Life Ins. Co. v. Cave.
Based upon the instant record, we agree with GEICO that there is no evidence that it ever wrongfully denied uninsured motorist coverage in this case. At the times FFB was affording coverage, GEICO was not obligated to do so. From March 22, 1985, until FFB again denied coverage in October, there was no coverage obligation on the part of GEICO. It was eminently reasonable for GEICO to seek resolution of that fact by declaratory judgment and to obtain a stay of arbitration during *361 that period. Given the last coverage denial by FFB in October, 1985, GEICO did not deny coverage or reject arbitration. It did resist the imposition of attorney fees against it, which it had every right to do.
The application of section 627.428 by the trial court in the instant case punishes GEICO for the trial court's own stay of arbitration in March, 1985, and for the trial court's erroneous failure to grant GEICO's motion for summary judgment in May of 1985, declaring that under the extant facts at that time, GEICO's coverage was not applicable. It may well be that section 627.428 is available to the Battaglias against FFB for its two denials of coverage in regard to this incident, but that issue is not before this court at this time.
The award of attorney fees granted against GEICO and in favor of counsel for the Battaglias by the trial court in its order dated June 18, 1986, is
REVERSED.
SHARP, J., concurs.
DAUKSCH, J., dissents without opinion.