512 So.2d 269 (1987)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant,
v.
Lazara E. GONZALEZ, Appellee.
Nos. 86-2381, 86-2466 and 86-2975.
District Court of Appeal of Florida, Third District.
September 1, 1987.
Rehearing Denied October 5, 1987.
*270 Barnett & Clark and James Clark, Miami, for appellant.
Gerald E. Rosser, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Gonzalez was covered by $10,000 in personal injury protection benefits with Government Employees Insurance Company (GEICO) when he was seriously hurt in an automobile accident on June 26, 1985. He was treated at Lee Memorial Hospital, which liened GEICO for its bill, see Fernandez v. South Carolina Ins. Co., 408 So.2d 753 (Fla. 3d DCA 1982), pet. for review denied, 417 So.2d 329 (Fla. 1982); Gonzalez's attorney, however, notified the company that other health insurance was available to cover the hospital expenses and demanded that the PIP benefits be paid directly to the insured as lost wages. Cf. State Farm Mut. Auto. Ins. Co. v. Chacon, 385 So.2d 179 (Fla. 3d DCA 1980) (per curiam); Holloway v. State Farm Mut. Auto. Ins. Co., 370 So.2d 452 (Fla. 4th DCA 1979). Faced with these supposedly conflicting claims, GEICO, although it consistently took the position that, because of the extent of the injuries, it undoubtedly owed the $10,000 in PIP to someone, actually paid no one for an unacceptably lengthy period of time. Despite a PIP notice, accompanied by a lost wages form, which was mailed on October 11, 1985, and the filing of this action on November 26, 1985, GEICO continued to refuse to make any PIP payments whatever. Indeed, although the hospital authorized a release of its claim on February 13, 1986  thus confirming the accuracy of plaintiff's counsel's representations  the $10,000, now clearly available for lost wages, was not paid to Gonzalez until April 15, 1986.
While these are consolidated appeals from three separate subsequent orders of the trial court, respectively granting summary judgment on the merits, attorney's fees, and prejudgment interest to the plaintiff, there is no question as to GEICO's liability on the PIP claim itself;[1] indeed, any issue has been mooted by the carrier's voluntary payment of the limits. See 3 Fla.Jur.2d Appellate Review § 286 (1978). The primary issue before us is, of course, the propriety of the award of attorney's fees. On that question, we agree with the determination below. Under the controlling provisions of section 627.428(1), Florida Statutes (1983),[2] an insurer is liable for attorney's fees when, but only when, it has wrongfully withheld the proceeds of the policy. See New York Life Ins. Co. v. Shuster, 373 So.2d 916 (Fla. 1979); Ray v. Travelers Ins. Co., 477 So.2d 634 (Fla. 5th DCA 1985); Crotts v. Bankers and Shippers Ins. Co., 476 So.2d 1357 (Fla. 2d DCA 1985), review denied, 486 So.2d 595 (Fla. 1986). That condition is satisfied on these facts:
(a) Even before the hospital had formally released its claim to the proceeds, when GEICO was supposedly faced with competing claims, it was free to, and we think obliged to, but did not discharge its admitted obligation to pay the PIP benefits in either one of two ways. It could have made a check for the limits payable to both of the competitors, the hospital and the insured.[3]Fernandez, 408 So.2d at 755 ("We find no error in the court's denial of attorney's fees for late payment. The court's conclusion that the delay in payment was attributable to appellant's refusal to accept the draft made payable to appellant and to Jackson Memorial Hospital jointly is supported by the record."); see also Crotts, 476 So.2d at 1358 ("Bankers eventually forwarded a draft for the remaining benefit payable jointly to plaintiff and the Hospital."). The company could also have filed an interpleader action through which claims of Gonzalez and Lee Memorial would have been resolved by the court. See Shuster, 373 So.2d at 916; Manufacturers Life Ins. Co. v. Cave, 295 So.2d 103 (Fla. 1974); Crotts, 476 So.2d at 1357; cf. Lumbermens Mut. Ins. Co. v. American Arbitration Ass'n, 398 So.2d 469 (Fla. 4th DCA 1981). GEICO failed to take either course.
(b) After the hospital withdrew its lien, it was then all the more incumbent on GEICO to pay the $10,000 in lost wages to Gonzalez, certainly within the 30 day period provided by section 627.736(4)(b), Florida Statutes (1983).[4] See Great Southwest Fire Ins. Co. v. DeWitt, 458 So.2d 398 (Fla. 1st DCA 1984); South Carolina Ins. Co. v. Pensacola Home & Sav. Ass'n, 393 So.2d 1124 (Fla. 1st DCA 1980). Instead, the appellant waited over two months to do so.
*271 On either or both of these bases, GEICO was liable for attorney's fees. Ray, 477 So.2d at 634; Prudential Ins. Co. of America v. Institute for Marine Science, Inc., 371 So.2d 185 (Fla. 3d DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980); Employers' Liab. Assurance Corp. v. Royals Farm Supply, Inc., 186 So.2d 317 (Fla. 2d DCA 1966); Kurz v. New York Life Ins. Co., 168 So.2d 564 (Fla. 1st DCA 1964). Particularly  but not only  in the field of PIP benefits, in which the foundation of the legislative scheme is to provide swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption, see generally Comeau v. Safeco Ins. Co., 356 So.2d 790 (Fla. 1978), an insurance company cannot be permitted simply to stonewall its insured by retaining  and drawing interest upon  payments to which it is admittedly not entitled. If it does, it subjects itself to the statutory fee which is specifically designed to prevent that very kind of conduct. Meeks v. State Farm Mut. Ins. Co., 460 F.2d 776 (5th Cir.1972); Universal Underwriters Ins. Co. v. Gorgei Enters., 345 So.2d 412 (Fla. 2d DCA 1977); Salter v. Nat'l Indem. Co., 160 So.2d 147 (Fla. 1st DCA 1964).
Finally, we approve the award of pre-judgment interest from November 11, 1985, thirty days after the PIP notice was sent, when the payments became overdue. See § 627.736(4)(b), (c).
Affirmed.
NOTES
[1] The trial court also awarded $1,000 plus pre-judgment interest for the plaintiff's separate medical payments coverage. No error is demonstrated in these rulings.
[2] Section 627.736(8), Florida Statutes (1983), makes section 627.428 applicable to controversies involving PIP benefits like this one.
[3] This was GEICO's own practice when faced with competing hospital and lost wage claims on PIP coverage. There is no explanation why this policy was not followed in this instance.
[4] § 627.736(4)(b) states:

(b) Personal injury protection insurance benefits shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. For the purpose of calculating the extent to which any benefits are overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the United States mail in a properly addressed, postpaid envelope or, if not so posted, on the date of delivery.