KLEIN, Judge.
The insured appeals a denial of attorney’s fees which he sought after filing suit to collect PIP benefits. We reverse.
The insured was injured on April 24, 1990 and hospitalized for two weeks. He submitted an application for PIP benefits to State Farm, and instructed State Farm that it should apply his PIP benefits to his lost wages, not his medical expenses, which were covered by other insurance. Holloway v. State Farm Mutual Automobile Ins. Co., 370 So.2d 452 (Fla. 4th DCA 1979) (an insured is entitled to have PIP benefits allotted in such a manner as to make the maximum amount available).
State Farm refused to pay the insured’s request for lost wage benefits and instead issued a check payable only to the hospital. That check was returned to State Farm. In September of 1990 the insured again demanded payment without success. In November of 1990 the insured filed suit. State Farm then paid the claim, and convinced the trial court it should not have to pay attorney’s fees because there were conflicting claims by the insured and the hospital.
The trial court’s conclusion that there were conflicting claims is not supported by the record. There was no hospital lien nor any evidence that the hospital had made a claim for the PIP benefits. Moreover, even if there had been competing claims by the hospital and the insured, the insurer was not entitled to simply do nothing. It should have issued a joint check to the hospital and the insured or interpleaded the funds. Government Employees Ins. Co. v. Gonzalez, 512 So.2d 269 (Fla. 3d DCA 1987).
The trial court relied on Crotts v. Bankers and Shippers Ins. Co. of New York, 476 So.2d 1357 (Fla. 2d DCA 1985); however, we find that case distinguishable. There, when met with the competing claims of the hospital and the insured, the insurer promptly responded by forwarding a draft of the remaining benefits payable jointly to the insured and the hospital before the insured filed suit.
We therefore reverse the order denying the insured’s claim for attorney’s fees.
Reversed.
GUNTHER and POLEN, JJ., concur.