ON MOTION FOR REHEARING
POLEN, J.
We deny appellee’s motion for rehearing, but substitute the following opinion in place of our previously issued slip opinion, Logue v. Clarendon National Insurance Company and Herbert Koltun, No. 4D00-593, 2000 WL 1781388 (Fla. 4th DCA Dec.6, 2000). This correction is to clarify our analysis of Margiotta v. State Farm, 622 So.2d 135 (Fla. 4th DCA 1993), contained in the last paragraph of page two of the slip opinion.
Anthony Logue appeals from a final judgment following a bench trial involving his suit against his automobile insurer, Clarendon National Insurance Company, for benefits arising from a motor vehicle collision. He argues the trial court erred by cutting off his entitlement to attorney’s fees, statutory interest as to PIP benefits, and costs on the date in which Clarendon tendered a check for PIP benefits made payable to Logue and two alleged conflicting claimants. He also argues it erred by denying his claim for collision benefits. We agree with his first point and, thus, affirm in part, reverse in part.
Logue was involved in an automobile accident in 1996 while driving a Ford Mustang. He claimed he suffered bodily injury, incurred medical expenses, and lost income as a result of the accident. At the time of the accident, he had an automobile insurance policy issued by Clarendon which gave him PIP benefits of $9,500 with a $500 deductible.
Clarendon initially denied Logue’s claim for PIP benefits on the basis that the Mustang was not covered by the policy. Logue then sued Clarendon for breach of contract and promissory estoppel. He also sued Herbert Koltun, the other driver in the accident, for personal injuries resulting from Koltun’s negligence.
On May 21, 1997, Clarendon admitted the existence of coverage and indicated it was willing to tender the PIP benefits, plus interest. It, however, asked Logue to execute a hold harmless and indemnity agreement because it had received a notice of lien from Delray Community Hospital, a private hospital, and an alleged assignment of benefits from South Palm Orthopedics. Logue, however, refused to execute the agreement.
*1124 On July 21, 1997, Clarendon tendered a check for PIP benefits in the amount of $9,984.70, made payable to Logue, his attorney, South Palm Orthopedics, and Del-ray Community Hospital. Logue, however, rejected the tender and returned the check. He informed Clarendon that the check was unacceptable because Delray Community Hospital and South Palm Orthopedics were included as payees, PIP was not reserved for lost wages and loss of earning capacity, and the amount of interest was incorrect.
Before Logue returned the check, he amended his complaint to include counts for collision damages, declaratory relief concerning PIP, and for PIP damages. Clarendon, in its answer, admitted Logue was entitled to PIP benefits, but asserted that he was not entitled to collision benefits. It also alleged that Logue was foreclosed from seeking attorney’s fees incurred after May 21, 1997, the date Clarendon admitted coverage.
The parties thereafter attended mediation, wherein a partial settlement was reached in which Logue released Koltun from all claims for $126,500. Specifically, the release provided, in pertinent part, that “[t]he consideration stated above includes reimbursement for all alleged damages including bodily injury and property damage.” Logue’s action was then dismissed with respect to Koltun, but continued as to Clarendon.
While the trial was pending, Clarendon filed an interpleader action against Logue, South Palm Orthopedies and Delray Community Hospital to determine who should receive the policy proceeds. A final judgement therein was subsequently entered against South Palm Orthopedics and Del-ray Community Hospital, after they defaulted, which ordered Clarendon to pay Logue $9,500 plus interest. One week later, Clarendon reissued the check for $9,984.70 payable to only Logue.
A trial of the merits in Logue’s suit then followed. At its conclusion, the trial court found that Clarendon made a good faith tender of the PIP benefits on July 21, 1997, in accordance with Margiotta v. State Farm, 622 So.2d 135 (Fla. 4th DCA 1993). It, therefore, cut off Logue’s entitlement to attorney’s fees, statutory interest as to the PIP benefits, and costs at that date. It also found that Clarendon under-calculated the interest due as of that date by $91.09 and, thus, ordered Clarendon to pay Logue that sum.
The trial court further denied Logue’s claim for collision benefits. It found that there was no evidence that Logue did not receive the full value of his automobile from the settlement with Koltun. This timely appeal followed.
We hold the trial court erred by cutting off Logue’s entitlement to attorney’s fees. Under the controlling provisions of section 627.428(1), Florida Statutes (1995),[1] an insurer is liable for attorney’s fees only when it has wrongfully withheld the proceeds of the policy. Government Employees Ins. Co. v. Gonzalez, 512 So.2d 269, 270 (Fla. 3d DCA 1987). In this vein, it may withhold direct payment of PIP benefits to the insured when it cannot be reasonably expected to resolve the validity of a competing claim for the benefits on its own. Crotts v. Bankers and Shippers Ins. Co. of New York, 476 So.2d 1357, 1358 (Fla. 2d DCA 1985).
Here, the record shows that the competing claims on the part of Delray Community Hospital and South Palm Orthopedics were facially invalid. Specifically, Delray Community Hospital is a private hospital and, therefore, ineligible as a matter of law to have a valid lien. See Schwartz v. Government Employees Ins. Co., 712 So.2d 773 (Fla. 4th DCA 1998). Moreover, the hospital registration form which Clarendon *1125 believed contained an assignment of benefits from South Palm Orthopedics listed “Aetna Life Insurance Company” as Lo-gue’s carrier, not Clarendon. Because Clarendon should have determined that the competing claims were illusory, we conclude it wrongfully withheld payment and, thus, is liable for the full amount of Logue’s attorney’s fees, as well as the full amount of costs and accrued PIP interest.
In this respect, we hold that the trial court incorrectly found that Clarendon acted in accordance with Margiotta. In Margiotta, we held that an insurer faced with competing claims for PIP benefits should either issue a joint check to the competing claimants or interplead the funds. Margiotta, 622 So.2d at 135 (citing Gonzalez, 512 So.2d at 270). Implicit to our holding, however, was the requirement that, before withholding direct payment to the insured, the competing claims involve factual or legal issues that the insurer cannot be expected to resolve on its own. See Crotts, supra. Because there was no basis to support the validity of the competing claims in this case, we conclude that Margiotta did not justify the trial court’s actions here. We therefore reverse on this issue, for further proceedings consistent with this opinion.
Logue further argues that the trial court erred by denying his claim for collision damages. On this point, however, we disagree. Double recovery on the same claim for damages is prohibited here because Clarendon has a subrogation right to recover those damages.
AFFIRMED IN PART, REVERSED IN PART.
STEVENSON and TAYLOR, JJ., concur.

. Section 627.736(8), Florida Statutes, makes section 627.428 applicable to controversies involving PIP benefits like this one.