POLEN, C.J.
Appellant Wellington Regional Medical Center (“Wellington”) timely appeals an order by the circuit court granting Appel-lee Mark Meder’s motion for an equitable distribution of certain settlement proceeds. Though we affirm entry of the circuit court’s written order granting Appellee’s motion for equitable distribution, we reverse certain oral pronouncements made by the court at the August 30, 2001 post-judgment hearing on Wellington’s motion to compel court order, which we maintain the court lacked the authority to make.
*982 This case arose from an automobile accident involving appellee Meder and a third party vehicle in November of 1997. Med-er subsequently filed a civil lawsuit against the driver and the owner of the subject vehicle. While that suit was pending, Meder’s treating orthopedic surgeon recommended he undergo a lumbar fusion as treatment for certain injuries suffered as a result of the accident. Meder did not have the (current) means to afford such surgery, yet, acting upon the advice of counsel, he entered into a deferred-payment agreement with Wellington on April 14, 2000, whereby Wellington agreed to immediately perform the surgery subject to future payment of the medical bills incurred. The agreement granted Wellington a hen against any proceeds which Meder may recover in connection with the civil suit, and further provided Meder’s consent to Wellington’s right to intervene in the civil suit.[1]
Surgery was performed May 4, 2000, and Meder remained in the hospital’s care until May 7. Wellington subsequently submitted a bill in the amount of $30,910.30 to Meder. Wellington did not attempt to collect the bill at that time, instead intervening in the pending civil suit.
Approximately a year later, Meder settled the civil suit for the sum of $175,000. However, Meder had outstanding medical bills (including Wellington’s bill) totaling $164,328.64. As is common practice, Med-er’s counsel brokered reductions with the medical providers for the majority of Med-er’s outstanding bills. However, Wellington refused to accept anything less than full payment, maintaining it was entitled to full payment via the April 2000 deferred-payment agreement.
Meder subsequently filed a motion for equitable distribution of the settlement proceeds ($175,000), requesting the court distribute the settlement proceeds on a pro rata basis, with each provider to receive 68.053% of its respective outstanding balance.[2] August 24, 2001, a hearing was *983 held on Meder’s motion, whereby the trial judge ruled Meder’s counsel was to disburse the settlement proceeds as requested, i.e., Wellington would receive an equitably reduced distribution of $20,606.87, representing approximately 66.67% of the outstanding bill. Meder then sent Wellington a check for $20,606.87, attached to a letter which indicated the check constituted “final payment” of Wellington’s .bill. Wellington refused to accept the check and filed a motion to compel court order, requesting the court order Meder to issue a check that did not contain any language indicating it represented “final payment” of the Wellington bill. A hearing was held on August 30 on Wellington’s motion which was duly denied. Furthermore, the trial judge orally pronounced the equitable distribution in fact constituted “final payment” of Wellington’s bill. Wellington’s subsequent motion for rehearing was denied and this appeal followed.
Initially, we note, Wellington Regional Medical Center, a private hospital, is not estopped as a matter of law from holding a valid lien. Although Wellington would not be eligible for a statutory lien, which only applies to “public hospitals,” Wellington could, and in fact did, enter into a valid contractual lien with Meder in the instant case. Cf. Logue v. Clarendon Nat’l Ins. Co., 777 So.2d 1122 (Fla. 4th DCA 2001). Meder does not challenge the contractual lien was entered knowingly, voluntarily, and for due consideration; nor do we find its terms or the circumstances upon which it was entered unconscionable.
As such, the trial judge was without authority to modify the agreement entered into by the parties and must give effect to its -unambiguous express provisions. See Dickerson Fla., Inc. v. McPeek, 651 So.2d 186 (Fla. 4th DCA 1995). Here, the contract entered into by the parties expressly provided Meder was “directly responsible” for Wellington’s bill in its entirety and that full payment was not contingent upon recovery of any proceeds in the underlying civil action. Though we find no error in the distribution of the settlement proceeds, the trial judge’s oral holding such distribution constituted “final payment” was clear error and must be stricken on remand. See id. (noting a trial court may not rewrite the terms of a contract in an effort to reheve one of the parties from the apparent hardship on an improvident bargain).
We note Wellington has filed an action in county court seeking payment of the outstanding medical bills, which action is in no way estopped by the distribution of the settlement proceeds in the instant case. Though the deferred-payment agreement provides Wellington shall be entitled to its attorneys fees incurred “in the event suit is indicated for collection of bills due Wellington,” we hold Wellington is not entitled to appellate fees in the instant action, which arose from the distribution of the settlement proceeds recovered in the underlying action in which Wellington had intervened. At no time prior to the aforementioned collection action in county court on’the balance owed (after the equitable distribution) had Wellington filed suit for the collection of its medical bills. See generally Pici v. First Union Nat’l Bank, 705 So.2d 50 (Fla. 2d DCA 1997) (contractual attorney fee provision must be strictly construed).
*984 AFFIRMED in part; REVERSED in part and REMANDED with directions to strike.
STEVENSON and TAYLOR, JJ., concur.

. In pertinent part the deferred-payment agreement provided:
I hereby authorize and direct you, my [Meder’s] attorney, to pay directly to Wellington Regional Medical Center such sums as may be due and owing for medical services rendered to me both by reason of this accident and by reason of any other bills, including interest on the unpaid balances of my account, that are due their office and to withhold such sums from any settlement, judgment, or verdict as may be necessary to adequately protect Wellington Regional Medical Center. Furthermore, I hereby grant a lien on my case in favor of Wellington Regional Medical Center against any and all proceeds of my settlement, judgment, or verdict which may be paid to you, my attorney, or myself as a result of the injuries for which I have been treated or injuries in connection therewith.
I fully understand that I am directly responsible to Wellington Regional Medical Center for all medical bills submitted for services rendered to me and that this agreement is made solely for Wellington Regional Medical Center additional protection and in consideration of awaiting payment ... patient hereby agrees and otherwise consents to Wellington Regional Medical Center's entitlement to intervene in any action, suit or claim which may be filed by patient or his or her attorney for the injuries treated by Wellington Regional... .1 further understand and agree that payment is not contingent on any settlement, judgement, or verdict by which I may eventually recover said fee.
In the event suit is indicated for collection of medical bills due Wellington Regional Medical Center in accordance with this agreement, I agree to pay, in addition to any medical bills, all expenses necessitated by collection of said medical bills, including a reasonable attorney's fee incurred by Wellington Regional Medical Center.

. This arbitrary figure resulted from a manipulation of the settlement proceeds, which would allow for a 25% reduced fee recovery by counsel ($43,750.00), net proceeds of $10,546.10 to Mr. Meder, and the remaining *983 $120,703.90 to be distributed among the various health care providers, including Wellington.