DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SOUTH FLORIDA PAIN & REHABILITATION OF WEST DADE,**
Appellant,

v.

**INFINITY AUTO INSURANCE COMPANY,**
Appellee.

No. 4D21-438

[April 21, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; John D. Fry, Judge; L.T. Case Nos. COCE 13-8913, CACE 20-2930.

Joseph R. Dawson of the Law Offices of Joseph R. Dawson, P.A., Fort Lauderdale, for appellant.

Garrett A. Tozier of Shutts & Bowen LLP, Tampa, for appellee.

KLINGENSMITH, J.

South Florida Pain & Rehabilitation of West Dade ("the provider"), as the insured's assignee, appeals the county court's order denying its request for attorney's fees in a personal injury protection ("PIP") action. The question presented in this appeal is whether the provider is entitled to attorney's fees under section 627.736(8), Florida Statutes (2018), after it recovered a judgment solely on the statutory penalty and postage costs authorized by section 627.736(10), Florida Statutes (2018). We hold that the provider is not entitled to attorney's fees and affirm the county court's order.

In 2013, the provider filed a thirty-day demand letter to the insurer, Infinity Auto Insurance Company ("the insurer"), to collect unpaid PIP benefits after providing the insured with medical treatment. The insurer ultimately paid all of the PIP benefits that the provider was due in the time allotted under the demand letter and available under the insured's policy, but it did not pay the penalty and postage pursuant to section 627.736(10)(d), Florida Statutes (2013). The provider then filed a complaint against the insurer in county court alleging that the insurer owed it $181.92 in penalty and postage, which the provider stated was the only amount owed. In response, the insurer denied that it owed either the penalty or postage because the insured's PIP benefits were exhausted when

the insurer paid $10,000.00 for this claim, the maximum amount available under the policy.

After almost five years of sparse activity in the case, the insurer filed a confession of judgment and paid the provider a total of $251.95, which consisted of the maximum statutory penalty of $250.00 and postage of $1.95, but contested the provider's right to attorney's fees and costs. To settle the dispute, the provider filed a motion to determine its entitlement to attorney's fees and costs, arguing that the insurer's failure to pay penalty and postage as required by section 627.736(10), Florida Statutes (2018), entitled it to an award of attorney's fees under section 627.428(1), Florida Statutes (2018).[1] The provider acknowledged that the insurer was not contractually obligated to pay penalty and postage but argued that the insurer was obligated to pay those costs by statute. Since it received a judgment on the issue of penalty and postage, the provider contended this was a "judgment against the insurer" which entitled it to an award of fees under section 627.428(1).

The insurer responded to the provider's motion by re-asserting the position it took when confessing judgment—that the provider was not entitled to fees or costs because the provider only received a judgment on its claim for penalty and postage, not for PIP benefits. To support that position, the insurer cited the statute's language as well as *United Auto Ins. Co. vs. ISO Diagnostic Testing, Inc. (a/a/o Yoanne Quevedo)*, 23 Fla. L. Weekly Supp. 1000c (Fla. 17th Cir. Ct. March 21, 2016), a circuit court appellate case holding that a judgment which does not include a claim for PIP benefits is insufficient to trigger an award of fees under section 627.428.

After hearing argument, the county court agreed with the insurer and denied the provider's motion for fees, ruling that the case law and statutory language did not authorize attorney's fees when only penalty and postage were at issue. After the ruling, the county court denied the provider's request to certify the question to this court and the provider timely filed its appeal with the circuit court. Since that time, the Legislature enacted ch. 2020-61, §§ 3, 8 Laws of Fla., providing the district courts of appeal with appellate jurisdiction over appeals from certain final orders of the county court. *See Mallory v. Brinckerhoff*, 46 Fla. L. Weekly D494a (Fla. 4th DCA Mar. 3, 2021) (denoting the changes the Legislature made to the jurisdictional statute). As a result, this appellate case was transferred from the Seventeenth Judicial Circuit to this court.

"Whether a party is entitled to statutory attorney's fees is a matter of statutory interpretation, which this Court reviews de novo." *Parker v. Bd. of Trs. of City*

---

[1] Section 627.736(8), Florida Statutes (2018), confirms that section 627.428 applies to "any dispute under the provisions of ss. 627.730-627.7450 between the insured and the insurer, or between an assignee of an insured's rights and the insurer."

*Pension Fund for Firefighters & Police Officers in City of Tampa*, 149 So. 3d 1129, 1132 (Fla. 2014).

Sections 627.730-627.7405 are known as "Florida Motor Vehicle No-Fault Law."  The purpose of these sections "is to provide for medical, surgical, funeral, and disability insurance benefits without regard to fault, and to require motor vehicle insurance securing such benefits, for motor vehicles required to be registered in this state."  § 627.731, Fla. Stat. (2018).  To comply with these sections, an insurance policy must provide PIP to a named insured "to a limit of $10,000 in medical and disability benefits and $5,000 in death benefits resulting from bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle."  § 627.736(1), Fla. Stat. (2018).  To claim these benefits, an insured or an assignee of the insured must furnish the insurer with "written notice of the fact of a covered loss and of the amount of same." § 627.736(4)(b), Fla. Stat. (2018).  If the insurer does not pay PIP benefits within thirty days after it receives the written notice, the benefits are deemed "overdue."  *See id.*

After PIP benefits become overdue, the insured (or an assignee/beneficiary of the insured) must file a pre-suit demand letter indicating their intent to initiate litigation. § 627.736(10), Fla. Stat. (2018).  This demand letter is a prerequisite to initiate litigation against the insurer for PIP benefits.  § 627.736(10)(a), Fla. Stat. (2018) (stating that the demand letter is a "condition precedent" to filing suit).  The statute provides that the insured may seek reimbursement for the cost of posting the demand letter.  § 627.736(10)(c), Fla. Stat. (2018).  Additionally, the statute provides that the insured or its assignee cannot bring an action against the insurer for PIP benefits if, within thirty days after receipt of the demand letter, the insurer pays the overdue amount together with applicable interest and a penalty of ten percent of the overdue amount (but a maximum of $250.00).  *See* § 627.736(10)(d), Fla. Stat. (2018).

If the insurer denies or fails to pay PIP benefits within the time allotted under the demand letter, the insured may file suit to recover those benefits.  *See Amica Mut. Ins. Co. v. Cherwin*, 673 So. 2d 112, 113 (Fla. 4th DCA 1996) (allowing insured's lawsuit after the insurer improperly denied PIP benefits); *Gov't Emps. Ins. Co. v. Gonzalez*, 512 So. 2d 269, 270 (Fla. 3d DCA 1987) (same).  If the insured or assignee prevails in this action, thus signifying that the insurer either incorrectly or wrongfully denied payment of benefits, they may recover their attorney's fees from the insurer under section 627.428(1).  *See Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000) (stating that "the incorrect denial of benefits" generates entitlement to attorney's fees); *Gonzalez*, 512 So. 2d at 270 (stating that an insurer is only liable for attorney's fees when it has "wrongfully" withheld policy proceeds).  However, "[t]he insurer is not obligated to pay any attorney fees if [it] pays the claim . . . within the time prescribed by" section 627.736(10)(d).

Here, after the provider sent the insurer a pre-suit demand letter requesting PIP benefits within thirty days, the insurer paid all the PIP benefits in the time allotted under section 627.736(10)(d), but not the penalty and postage. The provider claims that the insurer should have also paid the statutory penalty and postage and because of the insurer's failure to do so, along with the subsequent confession of judgment for those amounts, it is entitled to attorney's fees. Under the plain text of the statute, this is incorrect.

Although section 627.736(8) states that attorney's fees are available for disputes under Florida's Motor Vehicle No-Fault Law, that section also states that an award of fees is subject to the exceptions found in sections 627.736(10) and (15). One of the exceptions under section 627.736(10)(d) is that the insurer is not obligated to pay any attorney fees if it pays the insured's PIP claim within thirty days after receipt of the pre-suit demand letter. If legislative intent is our polestar, we can usually discern such intent from the text of a statute. *See Maggio v. Fla. Dep't of Labor & Emp't Sec.*, 899 So. 2d 1074, 1076–77 (Fla. 2005) (stating that "[l]egislative intent is determined primarily from the language of the statute"). Where such statutory language is "clear and unambiguous," the statute must be given its plain and obvious meaning. *Holly v. Auld*, 450 So. 2d 217, 219 (Fla. 1984) (citation omitted).

This court and the Florida Supreme Court have consistently held that a statute awarding attorney's fees is in derogation of the common law rule that each party pay its own attorney's fees, and thus must be strictly construed. *See Willis Shaw Exp., Inc. v. Hilyer Sod, Inc.*, 849 So. 2d 276, 278 (Fla. 2003); *Montgomery v. Larmoyeux*, 14 So. 3d 1067, 1072 (Fla. 4th DCA 2009). Here, because the insurer timely paid the provider's PIP claim for the insured's benefits within thirty days of the provider's demand letter, as the statute provides, the insurer is not obligated to pay attorney's fees. *See* § 627.736(10)(d), Fla. Stat. (2018). If the Legislature had intended for attorney's fees to be otherwise recoverable under the statute, it would have said so. *See Rollins v. Pizzarelli*, 761 So. 2d 294, 298 (Fla. 2000) (stating that the Legislature "knows how to express itself").

Our holding is also consistent with the holding of the *ISO* case cited by the insurer in its objection to the provider's fees claim. 23 Fla. L. Weekly Supp. 1000c. There, the assignee of a patient's PIP benefits submitted a claim for PIP benefits to an insurer. *Id.* When the insurer denied the claim, the assignee served a pre-suit demand letter that also requested payment of postage costs. *Id.* After receiving the demand letter, the insurer paid some of the PIP benefits but not the entire amount and did not include the statutory penalty and postage costs. *Id.* As a result, the assignee sued the insurer in county court for the remaining PIP benefits and the statutory penalty and postage. *Id.* During litigation, the parties stipulated to a final judgment wherein the insurer

confessed to judgment only as to the penalty and postage. *Id.* The assignee then voluntarily dismissed its claim for the remaining unpaid PIP benefits. *Id.* After the court entered the stipulated final judgment, the assignee filed a motion for entitlement to attorney's fees. *Id.* Like the appellants in this case, the assignee argued that its entitlement to fees arose from the insurer's statutory obligation to pay the penalty and postage; according to the assignee, every PIP policy automatically included the obligation to pay penalty and postage by operation of section 627.7407(2) and the obligation to pay attorney's fees by operation of 627.736(8). *Id.* And like the appellees in this case, the insurer contested the assignee's entitlement to fees because penalty and postage were not PIP benefits and entitlement to attorney's fees depended upon a recovery of PIP benefits. *Id.*

The county court granted the assignee's motion for attorney's fees, but the appellate circuit court reversed the fee award. *Id.* The circuit court opined that based upon a careful review of the no-fault statutory scheme, which states that a party can only receive attorney's fees after it obtains a judgment on a claim of PIP benefits, attorney's fees were not awardable under these circumstances because the assignee failed to obtain relief on a claim for PIP benefits. *Id.*

The provider's reliance on another circuit court appellate case for its claim of entitlement to fees, *USAA Gen. Indem. Co. v. Cohen Chiropractic Grp., P.A. (a/a/o Emy Fahie),* 23 Fla. L. Weekly Supp. 522e (17th Cir. Ct. August 10, 2015), is unavailing. In *Cohen,* the circuit court awarded attorney's fees to the assignee of a patient after the county court found that the insurer improperly denied its claim for PIP benefits and failed to pay the statutory penalty and postage costs. What makes *Cohen* distinguishable from this case, as well as *ISO,* is that in *Cohen,* the assignee received a favorable judgment on its claim for PIP benefits which entitled it to an award of attorney's fees. Here, the provider did not receive a judgment for PIP benefits; the insurer paid those benefits before the provider could file suit. As such, there is no conflict between *ISO* and *Cohen.*

Despite the statute's clear language, the provider contends that denying its request for attorney's fees would frustrate the Legislature's purpose in creating the no-fault statute, namely to "provide swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption." *Ivey,* 774 So. 2d at 683–84 (citation omitted). We disagree. The Legislature's intent when enacting the no-fault statute was to ensure the swift payment of "medical, surgical, funeral, and disability insurance benefits." *See* § 627.731, Fla. Stat. (2018); *Ivey,* 774 So. 2d at 683–84; *see also Rollins,* 761 So. 2d at 297 ("The Legislature's intent must be determined primarily from the language of the statute."). Here, the insurer paid all of the PIP medical benefits that the provider —as the insured's assignee—was entitled to within thirty days of the provider's pre-suit demand as the statute provides. Thus, the purpose of the statute was accomplished by the insurer's timely payment of PIP benefits. *See* § 627.731, Fla. Stat. (2018).

The provider also contends that although the insured's policy did not contain an express provision providing for an award of fees, an attorney's fees provision was automatically included in the insured's insurance contract by operation of section 627.736(8). This is true as it relates to the recovery of fees where the obligation to pay PIP benefits is disputed, but the insurer's alleged obligation to pay penalty and postage was not a covered "benefit" under either the statute or the insured's policy. Section 627.731 states that the covered PIP benefits are "medical, surgical, funeral, and disability insurance benefits." The statute's language does not expand that definition to include penalty and postage.

Lastly, the provider argues that denying attorney's fees in these cases would leave insureds and their medical provider assignees "vulnerable to insurance compan[ies'] tactics of refusing to abide by [their] statutory obligation to pay the penalty on late payments." However, in examining a statute's intent or its application's consequences, our role is not to second-guess the Legislature's exclusion of penalty and postage from the definition of PIP benefits. *See Moretrench Am. Corp. v. Taylor Woodrow Constr. Corp.*, 565 So. 2d 861, 862 (Fla. 2d DCA 1990) ("A court's employment of perceived rationality and sensibleness as a guide to ascertaining legislative intent . . . is in contrast to a situation where there is a clear manifestation of legislative intent which may not lead to what a court perceives to be a wise result." (citation omitted)); *see also Pfeiffer v. City of Tampa*, 470 So. 2d 10, 17 (Fla. 2d DCA 1985) ("A court's construction of statutes need not produce what the court might perceive to be a wise result in order to constitute a rational interpretation of legislative intent."). Again, if the Legislature intended penalty and postage to be a PIP "benefit" for entitlement to attorney's fees when an insurer fails to timely pay those amounts, it would have provided for this in the statute. *See Rollins*, 761 So. 2d at 298.

For these reasons, we approve the holding of the circuit court's opinion in *ISO* and affirm the lower court's denial of the provider's motion for entitlement to attorney's fees.

*Affirmed.*

LEVINE, C.J., and CIKLIN, J., concur.

\*      \*      \*

***Not final until disposition of timely filed motion for rehearing.***