# Third District Court of Appeal

## State of Florida

Opinion filed February 14, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0917
Lower Tribunal No. 21-27680 CC

_____

**Fernando Cantens and Ana Marie Cantens**,
Appellants,

vs.

**Certain Underwriters at Lloyd's London, etc.**,
Appellee.

An Appeal from the County Court for Miami-Dade County, Michael G. Barket, Judge.

Your Insurance Attorney, PLLC, and Joshua R. Lopez (Maitland), for appellants.

Kaufman Dolowich & Voluck LLP, and Chad W. Bickerton and Joseph R. Miele, Jr., (Fort Lauderdale), for appellee.

Before MILLER, GORDO and BOKOR, JJ.

BOKOR, J.

In this appeal of a breach of contract action, the insureds, Fernando and Ana Marie Cantens, appeal the dismissal without prejudice of their complaint against their insurer due to failure to plead that they provided a written presuit notice of intent to initiate litigation to the Division of Financial Services, as required by section 627.70152(3), Florida Statutes. They argue that the trial court erred by applying the statute retroactively to an action founded on a policy issued before the effective date of the statute. Because the trial court correctly concluded that the statute evinces a clear legislative intent to apply to all property insurance policies, and because retroactive application would not impact a substantive right of the insureds, we affirm. Our review is de novo. See, e.g., Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc., 67 So. 3d 187, 194 (Fla. 2011).

Generally, substantive laws are presumed to apply only prospectively in the absence of clear legislative intent to the contrary, and "the statute in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996). However, this presumption applies only to statutes dealing with substantive rights, as opposed to "procedural or remedial" ones, which may properly be applied retrospectively. State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 61

2

(Fla. 1995) ("The general rule is that a substantive statute will not operate retrospectively absent clear legislative intent to the contrary, but that a procedural or remedial statute is to operate retrospectively."); Village of El Portal v. City of Miami Shores, 362 So. 2d 275, 278 (Fla. 1978) ("Remedial or procedural statutes do not fall within the constitutional prohibition against retroactive legislation and they may be held immediately applicable to pending cases."). When considering whether a statute applies retroactively, courts apply a two-factor test: "(1) whether the statute itself expresses an intent that it apply retroactively; and, if so, (2) whether retroactive application is constitutional." Old Port Cove Holdings, Inc. v. Old Port Condo. Ass'n, Inc., 986 So. 2d 1279, 1284 (Fla. 2008).

The statutory notice requirement provides that:

As a condition precedent to filing a suit under a property insurance policy, a claimant must provide the department with written notice of intent to initiate litigation on a form provided by the department. Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131.

§ 627.70152(3)(a), Fla. Stat. (2021). The trial court is required to dismiss without prejudice when the plaintiff fails to provide such notice. Id. (5). Notably, the statute also provides that "[t]his section applies exclusively to all suits arising under a residential or commercial property insurance policy."

3

Id. (1). These provisions became effective on July 1, 2021. See Ch. 2021-17, § 15, Laws of Fla. The policy at issue became effective on March 13, 2019.

The insureds here do not dispute failing to provide notice as required by section 627.70152(3). They argue only that the statute cannot be applied to an action founded on their policy, which predates the statutory enactment. The Fourth District has recently addressed this same issue in Cole v. Universal Property & Casualty Insurance Co., 363 So. 3d 1089 (Fla. 4th DCA 2023), which affirmed a dismissal for failure to provide presuit notice under section 627.70152(3) as to an action founded on a policy that became effective prior to enactment of the statute. The Fourth District concluded that the statute's application to "all suits arising under a residential or commercial property insurance policy" amounted to an express statement of legislative intent to apply retroactively, and that the notice requirement imposed only a procedural delay that did not impact any substantive right of the insured, so the statute could properly be applied retroactively. Id. at 1093–95; see also Art Deco 1924 Inc. v. Scottsdale Ins. Co., 29 Fla. L. Weekly Fed. D 97, at *2 (S.D. Fla. Mar. 9, 2022) (evaluating same statute and agreeing that section 627.70152(3) "is a procedural law that 'concerns the means and methods to apply and enforce . . . duties and rights' rather than a substantive law that

4

'prescribes duties and rights'" (quoting in part Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994))); but see Hughes v. Universal Prop. & Cas. Ins. Co., 374 So. 3d 900, 910 (Fla. 6th DCA 2023) (holding that statute does not apply to policies entered into before its effective date and certifying conflict with Cole); Sulzer v. Am. Integrity Ins. Co. of Fla., No. 6D23-391, 2024 WL 79882 (Fla. 6th DCA Jan. 8, 2024) (same); Williams v. Foremost Prop. & Cas. Ins. Co., 619 F. Supp. 3d 1161, 1166 (M.D. Fla. 2022) (disagreeing with Art Deco and concluding that because section 627.70152 penalizes insureds who do not comply with presuit notice and provides insurers additional time to accept coverage, the statute was substantive in nature and could not be applied retroactively); Dozois v. Hartford Ins. Co. of the Midwest, 595 F. Supp. 3d 1204, 1208 (M.D. Fla. 2022) (same).

In reaching its conclusion, Cole distinguished from the Florida Supreme Court's decision in Menendez v. Progressive Express Insurance Co., Inc., 35 So. 3d 873, 877 (Fla. 2010), which evaluated the retroactivity of a similar presuit notice provision under the Florida Motor Vehicle No-Fault Law, section 627.736(10), Florida Statutes. Menendez initially found that because section 627.736(10) applied to "any action," that statute also evinced a clear expression of legislative intent to apply retroactively. Id. However, Menendez nonetheless concluded that retroactive application

5

would be unconstitutional because "the changes imposed by the statutory presuit notice provision create various obligations and burdens that are substantive and therefore can only be applied prospectively." Id. at 878. The Menendez court identified four "problematic" aspects of the statute which, viewed "as a whole," rendered the statute substantive in nature: "(1) impose[s] a penalty, (2) implicate[s] attorneys' fees, (3) grant[s] an insurer additional time to pay benefits, and (4) delay[s] the insured's right to institute a cause of action." Id. However, Menendez did not expressly distinguish which of these factors were implicated solely by the presuit notice provision itself (as opposed to its impact on the availability of attorneys' fees), nor did Menendez indicate whether any of these factors individually would have rendered the statute substantive. Id. at 880 ("An insurer has additional time to meet its obligation under the statute, and an action for a claim of benefits and attorneys' fees cannot be initiated until the additional time for payment has expired. Thus, the statute allows the insurer additional time to pay the claim and affects the insured's right to sue and recover attorneys' fees.").

We agree with Cole that Menendez is distinguishable from the statute at hand. Preliminarily, we agree that because subsection 627.70152(1), applies the statute to "**all suits** arising under a residential or commercial property insurance policy," and because subsection 627.70152(3) serves as

6

"a condition precedent to filing **a suit** under a property insurance policy," the statute contains a clear legislative intent to apply retroactively to all claims, regardless of when the policy was incepted. Cole, 363 So. 3d at 1093 (emphasis added).

Moreover, we agree that the presuit notice requirement of section 627.70152(3) is procedural, not substantive, in nature. Procedural statutes are those that do not create or define rights, but rather govern the "course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion." Haven Fed. Sav. & Loan Ass'n v. Kirian, 579 So. 2d 730, 732 (Fla. 1991) (quoting In re Fla. Rules of Crim. Proc., 272 So. 2d 65, 66 (Fla. 1972) (Adkins, J., concurring)). Here, unlike the statute at issue in Menendez, section 627.70152(3)'s notice requirement does not give an insurer additional time to make a coverage decision, as it applies only after a coverage determination has already been made. Compare § 627.70152(3)(a), Fla. Stat. ("Such notice must be given at least 10 business days before filing suit under the policy, but may not be given before the insurer has made a determination of coverage under s. 627.70131."), with § 627.736(10)(a), Fla. Stat. ("Such notice may not be sent until the claim is overdue, including any additional time the insurer has to pay the claim

7

pursuant to paragraph (4)(b)."). Section 627.70152(3) also does not impose any new punishments or penalties that substantively impact an insured's ability to recover, as the action may be refiled even if dismissed without prejudice under section 627.70152(5) for failure to provide presuit notice. Moreover, section 627.70152(3) itself does not implicate an insured's ability to recover attorneys' fees, except insofar as it imposes a procedural notice requirement prior to bringing an action.[1]

---

[1] At the time of this action, section 627.70152 contained the now-repealed subsection 627.70152(8), which limited an insured's ability to recover attorneys' fees and costs if their action is dismissed under subsection (5). See § 627.70152(8)(b), Fla. Stat. (2021) ("In a suit arising under a residential or commercial property insurance policy not brought by an assignee, if a court dismisses a claimant's suit pursuant to subsection (5), the court may not award to the claimant any incurred attorney fees for services rendered before the dismissal of the suit."). As Menendez noted, "the statutory right to attorneys' fees is not a procedural right, but rather a substantive right." 35 So. 3d at 878. However, as in Cole, we conclude that this attorney fee provision is not before us on this appeal, nor is it implicated by the presuit notice requirements of section 627.70152(3), but even if it were, it is severable from the procedural aspects of the statute and does not impact our conclusion that subsection 627.70152(3) is procedural in nature. See Cole, 363 So. 3d at 1094 ("One provision that is substantive in scope does not act as a bar to enforcement of another provision that is able to be applied retroactively."); Massey v. David, 979 So. 2d 931, 937 (Fla. 2008) ("We have held that where a statute contains some procedural aspects, but those provisions are so intimately intertwined with the substantive rights created by the statute, that statute will not impermissibly intrude on the practice and procedure of the courts in a constitutional sense, causing a constitutional challenge to fail."); Knealing v. Puleo, 675 So. 2d 593, 596 (Fla. 1996) (finding that portions of statute modifying time limits to serve offer of judgment after mediation were procedural in nature); Leapai v. Milton, 595

Importantly, <u>Menendez</u> analyzed the personal injury protection no-fault law. "[T]he purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment so that the injured insured may get on with his life without undue financial interruption.'" <u>Ivey v. Allstate Ins. Co.</u>, 774 So. 2d 679, 683–84 (Fla. 2000) (quoting in part <u>Gov't Emps. Ins. Co. v. Gonzalez</u>, 512 So. 2d 269, 271 (Fla. 3d DCA 1987)). Here, however, the statutory scheme carries no such considerations. The statutory provision at issue provides no additional time for the insurer to act, nor does the underlying statutory scheme contain the policy goal of "swift and virtually automatic payment." <u>Id.</u> at 683.

<u>Menendez</u> did not indicate that a presuit notice requirement prior to initiation of an action, standing alone, constituted the sort of substantive change that would render retroactive application of a statute improper.[2] And unlike <u>Menendez</u>, we only address a presuit notice requirement. The application of other possible statutory requirements, including the now-

---

So. 2d 12, 15 (Fla. 1992) (finding "procedural aspects" of statute severable from "language creating the substantive right to attorney fees and costs").

[2] We note that the Sixth District's opinion in <u>Hughes</u> provides a thorough and cogent analysis of <u>Menendez</u> and why they felt constrained by <u>Menendez</u> to conclude that the provision at issue impacts substantive rights. We respectfully disagree. The conflict between <u>Cole</u> and <u>Hughes</u> has already been certified, and we join in such certification. Ultimately, should the Florida Supreme Court accept jurisdiction, it will be able to determine whether <u>Menendez</u> should apply, and if so, which is the correct application.

9

repealed attorney's fees provision formerly contained within 627.70152, are not before us.  See supra note 1.  Accordingly, because the presuit notice requirement of section 627.70152(3), taken in context, is procedural in nature, and applies to all policies, regardless of date of inception, the trial court correctly dismissed the action without prejudice pursuant to section 627.70152(5).  As previously noted, in Hughes, the Sixth District Court of Appeal certified conflict with Cole.  As we agree with the conclusion reached in Cole, we also note conflict in the decisions of two or more courts of appeal.

Affirmed; conflict certified.